## No. 11,614.

### SHAFER, ET AL. *v.* KING.

Decided July 5, 1927.   Rehearing denied September 26, 1927.

Action for damages.   Judgment for plaintiff.

### *Affirmed.*

1.  NEW TRIAL—*Inability to Obtain Bill of Exceptions.*   Where, through no fault of the unsuccessful party in a trial, he cannot have the judgment reviewed because of his inability to procure a bill of exceptions by reason of the incapacity of the court reporter, order granting a new trial not disturbed on review.

2.  INSTRUCTIONS—*Statute of Limitations—Requests.*   Requested instruction concerning the statute of limitations was properly refused where the instructions given by the court sufficiently covered the question.

3.  APPEAL AND ERROR—*Evidence—Lex non Curat de Minimis.*   In the trial of an action for damages, admission of evidence concerning remote items of small amount, if error, held not prejudicial under the maxim, Lex non curat de minimis.

*Error to the District Court of Weld County, Hon. Robert G. Smith, Judge.*

Mr. THOMAS A. NIXON, for plaintiffs in error.

Mr. WALTER E. BLISS, Mr. WORTH ALLEN, for defendant in error.

*En Banc.*

MR. JUSTICE ADAMS delivered the opinion of the court.

FRED King, defendant in error, was plaintiff below; Shafer and others were defendants.   They will be referred to as there aligned.

Plaintiff recovered judgment for damages to his crops alleged to have been caused by water escaping from the

Pierce lateral ditch, owned by defendants. Plaintiff charged that it was due to defendants' negligence.

The case has been tried twice to a jury. Plaintiff won both times; the first verdict was larger than the second. After the first trial, a motion for a new trial was denied, but was later renewed and granted upon the ground that through the fault or omission of the court reporter, defendants, without fault of their own, were unable to obtain a transcript of the proceedings for review by this court. Plaintiff then sought to stop another trial by an original proceeding in prohibition, brought in this court. We dismissed the petition. *People ex. rel. King v. District Court,* 76 Colo. 169, 229 Pac. 1113. The case between the parties now before us was thereafter tried a second time, and now defendants assign error on account of the verdict and judgment against them, and plaintiff alleges cross errors because of the setting aside of the first judgment and the granting of a new trial.

The essential facts upon which plaintiff obtained judgment are: Defendants are the owners and in control of and operating an irrigation ditch known as the Pierce lateral. In 1920, plaintiff was the lessee in possession of certain lands traversed by the ditch, and in the summer of that year there were growing crops thereon, planted by him. In the spring of that year, a heavy wind blew sand in the ditch that plaintiff claims was not removed. Plaintiff also complained that this and other accumulations were permitted by defendants to remain in the ditch, and that it was not kept in a good state of repair; that a new or raised embankment, built by defendants, was loosely and negligently constructed; that the ditch was so negligently and carelessly maintained, that during four months of the year 1920 water escaped and seeped from the ditch upon the lands farmed by plaintiff, causing them to become wet, marshy and flooded with water and his crops damaged or destroyed; that plaintiff's well, used for domestic purposes, thereby became filled and covered with seepage water, his haystacks, corrals and

chicken yards submerged; his house surrounded and filled with water and to remain so for many weeks, all claimed to be the result of defendants' negligence. These and other consequences of defendants' alleged negligence are pleaded and proven. Defendants denied plaintiff's allegations and endeavored to show that if plaintiff was damaged, it was because of seepage from other sources, and that in any event, it happened, if at all, more than six years prior to the commencement of the action.

1. We shall first dispose of plaintiff's cross errors. We dismissed his original petition in this court primarily because the trial court had jurisdiction to make the order complained of. *People v. District Court, supra.* But we further said that it was an act of justice to grant the motion for a new trial, it having been made necessary because of the failure, after judgment, through no fault of the defendants, to get before the reviewing court a bill of exceptions by which only could his errors assigned be determined. That act of justice has been performed, and should not be undone. The lack of a complete transcript of the evidence at the first trial came about because the trial court reporter became incapacitated and was unable to write up or dictate his notes. We are no more fully informed now as to what actually occurred at the first trial than we were when we disposed of defendants' original petition for a writ of prohibition, and it was final on the point there decided. The order there made will stand.

2. Defendants proved the original capacity of the Pierce lateral to be much greater than the actual amount of water running in the ditch during the time in question. Their counsel argue from this that it shows plaintiff's charges of negligent operation of the ditch, and that the water was overflowing its banks, or running beyond its reasonable capacity, to be untrue—that it would not be overflowing when running so far under its original capacity. We are unable to agree with counsel. Such evidence, with other testimony, may be said to have

assisted plaintiff, rather than defendants. That is, it is consistent with the proof that the ditch was not cleaned out and repaired, and with the inference that its capacity was thereby reduced; also that the sand and other accumulations raised the original bed and narrowed the width of the ditch, and that the water ran through the new embankments or other portions of the ditch, on plaintiff's land, as he charges. In this way, a much less amount of water than the decreed quantity might easily have done the damage. The evidence was conflicting, but there was ample to sustain such conclusion.

3. Defendants pleaded the six-year statute of limitations and asked for an instruction concerning it, which was refused. Defendants claim error. We think not for these reasons: The acts complained of occurred in 1920; the action was commenced in 1921. Furthermore, the jury was instructed that plaintiff could not recover for any negligence in the manner in which the ditch was constructed when he went on the farm as a tenant (which was in 1919 and tenancy renewed in 1920). The jury was further instructed: "If the plaintiff recovers in this action, he can only recover by reason of the negligence of the defendants in the management and operation of said ditch, during the months of June, July, August and September of the year 1920." No claim was made by plaintiff that there was damage before that time, and as to defendants' claim that if done at all, it was more than six years previous, the instruction given precluded recovery for any year prior to 1920. In effect, it gave all and even more definite directions to the jury as to the limitations of time, than if the refused instruction had been given. Its refusal was not error.

4. No error is assigned by reason of the admission or rejection of evidence, but certain items of damage, pleaded and proven, are claimed by defendants to be too remote. They are alleged in minute detail in the complaint, testified to by the witnesses without objection, mentioned in the first instruction concerning plaintiff's

claims, this too without objection, but objected to by defendants where the items are mentioned in another instruction as grounds of recovery. One of these items, claimed to be too remote, is, "That his (plaintiff's) well caved in and a horse fell into the same, to his damage of five dollars." This is one of the grounds urged for reversal, and learned counsel devote much argument to it.

That the horse fell into the well, and was extricated, there is no doubt. We shall not withhold our sympathy, but beyond this, we must be permitted in this instance to dispose of further consideration with the maxim, Lex non curat de minimis. There are other small items that we shall not mention, for it is evident that their influence, if any, upon the amount of the verdict is negligible.

5. The record in this case contains nearly 2,000 folios. The briefs aggregate about 225 pages. The amount claimed as damages is $3,000; the first recovery was $1,000; the last, $500. The damages have been fully proven and the jury has spoken. The verdict was general. The litigation has been expensive to the parties; counsel and the courts have more than performed their allotted tasks, and substantial justice has been done. We have considered all objections and find no reversible error in the record.

Judgment affirmed.