385 P.2d 154

Frank D. WATKINS and Venia Watkins,
Plaintiffs and Appellants,

v.

Glen M. SIMONDS and Beverly J. Simonds,
Defendants and Respondents.

No. 9766.

Supreme Court of Utah.

Sept. 19, 1963.

Eks Ayn Anderson, Salt Lake City, for appellants.

Sumner J. Hatch, Salt Lake City, for respondents.

RUGGERI, District Judge.

Action to quiet title to an irrigation ditch; for injunctive relief; and damages.

This cause originally came before this Court on an appeal from summary judgment granted in the court below in favor of the defendants and respondents. This Court then considered and accepted all of the plaintiffs' (appellants') allegations made below as facts; found them sufficient to state a cause of action; and remanded the case to the court below. Watkins v. Simonds, 11 Utah 2d 46, 354 P.2d 852.

The case came on for hearing on June 28, 1962, before the trial court, and thereafter on July 10, 1962, the trial judge made and filed findings of fact, conclusions of law, and rendered judgment dismissing the plaintiffs' complaint and awarding the defendants damages.

It appears from a reading of the findings of fact, conclusions of law and judgment of the trial court that the parties discussed the matter with the court in its chambers;

stipulated as to what the evidence would be; excused the witnesses; and submitted the cause for decision.

Following the rendition of judgment by the trial court, the plaintiffs moved to amend the findings; to make additional findings; and to amend the judgment in favor of plaintiffs; or for a new trial. The motion to amend findings and to make additional findings was granted in part and denied in part; the motion to amend judgment in favor of plaintiffs, and the motion for a new trial, were denied.

The plaintiffs bring this appeal contending that the trial court erred in granting judgment to the defendants and not to plaintiffs; in refusing to amend its judgment in favor of plaintiffs; and in refusing to grant a new trial and to make additional findings in favor of plaintiffs.

At no place in the record on appeal is there any indication as to what evidence was stipulated to in the chambers of the trial court; apparently no written stipulation of such evidence was prepared, for such is not a part of the record; and no stenographic transcript of such stipulation, if there was one, is part of the record. Apparently, no oral evidence was taken, as there is no transcript of any such evidence in the record. In short, no evidence of any kind or character, oral, stipulated or otherwise, appears in the record before this Court. Nor is there any suggestion that the plaintiffs were in any way prevented from making and bringing to this Court any record they may have desired. The nearest approach to anything suggestive of the facts in this case, other than the pleadings, is the statement of facts in appellants' brief, which statement of facts the respondents, in their brief, admit "are much as set forth" with certain claimed changes. In any event, this Court cannot consider facts stated in the briefs which may be true but absent in the official record. Cooper v. Foresters Underwriters, Inc., 123 Utah 215, 257 P.2d 540.

Judgments of courts are presumed to be correct if nothing in the record appears to the contrary, and all doubts are resolved in their favor. The record on appeal in this cause being devoid of any and all evidence, it must be assumed that the proceedings in the court below established a sufficient basis to support and justify the court's findings, conclusions and judgment. Baine v. Beckstead, 10 Utah 2d 4, 347 P.2d 554; Johnson v. Peoples Finance & Thrift Co., 2 Utah 2d 246, 272 P.2d 171.

In view of the state of the record, the judgment is affirmed. Costs to respondents.

McDONOUGH, CALLISTER, CROCKETT and WADE, JJ., concur.

HENRIOD, C. J., having disqualified himself, did not participate herein.