497 P.2d 629

**PROVO CITY CORPORATION, Plaintiff and Appellant,**

v.

**David L. CROPPER et al., Defendants and Respondents.**

**No. 12769.**

May 23, 1972.

Supreme Court of Utah.

**2**

Glen J. Ellis, Provo City Atty., Provo, for plaintiff and appellant.

Gary D. Stott, Provo, for defendants and respondents.

TUCKETT, Justice:

The plaintiff commenced these proceedings in eminent domain for the purpose of acquiring property belonging to the defendants for a public use in establishing a public park. In due course the issues were joined and a pretrial was had on June 14, 1971, and the case set for trial on June 29. On or about June 24, the plaintiff through its counsel advised the court and counsel for the defendants that because of the high value placed upon the land by the real estate appraisers, it was deemed advisable to withdraw and dismiss the action. Plaintiff also informed the court that the defendants' property was no longer needed for a public use. Pursuant to the representations of the plaintiff, the case was stricken from the trial calendar.

After the case was stricken certain informal conversations were had between court and counsel, the record of which is not before this court. However, it would appear that the conferences were for the purpose of discussing the amount of expenses and attorney's fees incurred by the defendants in preparation for the trial of the case. As a result of the subsequent hearing the court made and entered an order dismissing the action without prejudice and awarding to the defendants the sum of $150 for the expense of appraisers and $400 attorney's fees. It is from that order that the plaintiff has appealed to this court.

In 1967, the State Legislature amended Section 78–34–16, U.C.A.1953, which reads in part as follows:

> . . . Condemnor, whether a public or private body, may, at any time prior to final payment of compensation and damages awarded the defendant by the court or jury, abandon the proceedings and cause the action to be dismissed without prejudice, provided, however, that as a condition of dismissal condemnor first compensate condemnee for all damages he has sustained and also reimburse him in full for all reasonable and necessary expenses actually incurred by condemnee because of the filing of the action by condemnor, including attorneys fees.

It would appear that the provisions of the amendment as set forth above were intended by the legislature to deal with the practice of condemnors initiating proceedings to acquire private property for public use and imposing upon the owners the burdens of a trial or the preparation for a trial and then abandoning the proceedings, when it appeared that the price was too high, or for some other reason the condemnor elected not to proceed further.

It is the plaintiff's contention here that the action was not dismissed voluntarily as provided for by Rule 41, Utah

Rules of Civil Procedure, and therefore that the action is still pending and the court was without authority to grant an award of expenses and attorney's fees to the defendants. We are of the opinion that the plaintiff should not be permitted to represent to the court that this action was to be abandoned and dismissed for the purpose of avoiding a trial and thereafter to contend that the action is still pending for the purpose of avoiding payment of expenses and attorney's fees. It is our view that the statute was designed to correct a problem of unfairness in casting a burden upon the owners of private property in this type of proceeding when the condemnor elects not to go ahead with the acquisition, and we are of the opinion that the statute is controlling here.

The record would indicate that the parties agreed as to the reasonableness of the appraiser's fees but there was a dispute as to the reasonableness of the attorney's fees. As this court has held, unless the parties agree otherwise, the court is obliged to take evidence on the issue of the reasonableness of the attorney's fees and to make findings thereon.[1] The record does not disclose that evidence was adduced on this issue, and we are obliged to remand the case to the district court for a hearing on the amount of attorney's fees to be awarded. No costs awarded.

CALLISTER, C. J., and HENRIOD, ELLETT and CROCKETT, JJ., concur.

1. F.M.A. Financial Corp. v. Build, Inc., 17 Utah 2d 80, 404 P.2d 670.