499 P.2d 1294

**BLAIR ENTERPRISES, a Utah corporation, Plaintiff and Appellant,**

v.

**M–B SUPER TIRE MARKET, INC., a corporation, et al., Defendants and Respondents.**

**No. 12590.**

Supreme Court of Utah.

Aug. 7, 1972.

Louis H. Callister, Sr., and Gary R. Howe, of Callister, Kesler & Callister, J. Lambert Gibson, Salt Lake City, for plaintiff-appellant.

Irwin Arnovitz and Alvin I. Smith, of White, Arnovitz & Smith, Salt Lake City, for defendants-respondents.

RUGGERI, District Judge:

The plaintiff, by the terms of a written Real Estate Purchase Contract, dated March 1, 1965, agreed to sell to the defendant, and the defendant agreed to purchase, certain described real property at 445 South Main Street in Salt Lake City,

Utah. Under the terms of the said contract, no payment or performance by the defendant is required until March 1, 1975. The Real Estate Purchase Contract expressly provided that the plaintiff, on receiving the payments therein reserved to be paid, agrees to execute and deliver to the defendant or *assigns* a good and sufficient warranty deed, and that all of the stipulations contained in the contract are to apply to and bind the *assigns* of the respective parties. The defendant, on July 12, 1968, assigned said contract to Alvin I. Smith, the respondent herein. The plaintiff brought this action to have said contract declared unenforceable, and the assignment of same of no force and effect. The trial court, finding the contract to be in full force and effect; the assignment to Alvin I. Smith a valid, legal and effective assignment of said contract; and that Alvin I. Smith, as the legal assignee has the legal right to fully perform same according to its terms; the trial court granted the defendant's motion for summary judgment, and the plaintiff appeals.

■ There being no restrictions in the real estate purchase contract against its assignment, and the contract requiring the plaintiff to convey to the defendant or its assigns, the assignment was, and is, in all particulars valid, legal and enforceable as against the plaintiff. 92 C.J.S. Vendor and Purchaser § 311, p. 192 and cases cited.

■■ The real estate purchase contract provides that the defaulting party shall pay all costs and expenses, including a reasonable attorney's fee. The trial court awarded the respondent, Alvin I. Smith, judgment against the plaintiff for the sum of $1,500 as attorney's fees accrued from enforcing the contract. This court has held unless the parties agree otherwise, the court is obliged to take evidence on the issue of the reasonableness of the attorney's fee and to make findings thereon. Provo City Corp. v. Cropper, 27 Utah 2d 1, 497 P.2d 629. The trial court made findings thereon based on evidence adduced, as stated in the judgment, and although the record fails to disclose the evidence,[1] no objection was leveled against them, so we accept them as true taken under familiar rules of review.

The judgment is affirmed with costs to defendant.

TUCKETT, ELLETT, HENRIOD, and CROCKETT, JJ., concur.

CALLISTER, C. J., having disqualified himself, does not participate herein.

1. **No one** designated it on appeal. See Watkins v. Simonds, 14 Utah 2d 406, 385 P.2d 154.