Margaret Theresa **LAMBERTH**, Plaintiff and Respondent,

v.

Scott M. **LAMBERTH**, Defendant and Appellant.

No. 14383.

Supreme Court of Utah.

May 19, 1976.

Frank M. Wells, Ogden, for defendant-appellant.

Vernon B. Romney, Atty. Gen., Jack L. Crellin, Asst. Atty. Gen., Salt Lake City, Robert L. Newey, Weber County Atty., Philip J. Williamsen, Deputy Weber County Atty., Ogden, for plaintiff-respondent.

CROCKETT, Justice.

Plaintiff, Margaret Theresa Lamberth, brought this action to enforce her right to support tracing back to a decree of divorce, entered by the District Court of San Patricio County, Texas, by which the defendant, Scott M. Lamberth, was to pay her $400 per month until she died or remarried. From a judgment of the district court relieving the defendant from the payment of $400 a month, and entering a new order requiring him to pay $150 per month, the defendant appeals.

4. For a kindred but not identical situation, see *State v. Porter*, 28 Utah 2d 364, 502 P.2d 1147 (1972).

Defendant's contention is: that this proceeding is founded upon what he terms an "alimony provision" in a Texas divorce decree; that an award of permanent alimony is not permitted by Texas law; and that the Utah court should therefore adjudicate that the Texas decree terminated any right the plaintiff had to alimony or support money.

Plaintiff and defendant were married on December 13, 1949, in Baton Rouge, Louisiana. On October 1, 1972, while living in Virginia, they entered into a property settlement agreement. The part pertinent here is:

In adjustment and compromise of all property rights and other related matters, and in adjustment and compromise of all matters relating to maintenance, custody, and support and personal relationship, and in consideration of the mutual promises and covenants hereinafter set forth, the parties hereto do here mutually covenant and agree, grant and convey as follows:

*       *       *       *       *       *

Husband agrees to pay to wife during his lifetime, so long as the wife shall live and remain unremarried (but such obligation shall cease upon the occurrence of the first of any such events) the sum of Four thousand eight hundred dollars ($4,800.00) per annum payable in monthly installments of Four hundred dollars ($400.00) per month;

*       *       *       *       *       *

That such obligation of the husband shall be reduced by an amount equal to 20 per cent of the gross income of the wife per annum from salary, wages and bonuses from employment by the wife.

*       *       *       *       *       *

The wife shall promptly notify the husband of each employment and of each adjustment in salary, wages, or bonuses. On or before March 15 of each year, the wife shall deliver to the husband a statement which reflects the actual amount of gross salary, wages, and bonuses from employment during the prior calendar year.

The following year, on August 16, 1973, the defendant filed an action for a divorce in Texas, wherein the plaintiff here filed her voluntary appearance. The decree incorporated the property settlement which had been executed in Virginia.

The next pertinent event is that in May 1975, the plaintiff filed suit in California to enforce the Texas decree and collect delinquencies in the payments. The defendant, a captain in the Marine Corps, was stationed at Hill Air Force Base, in Utah; the case was transferred to the District Court of Weber County for this proceeding under the Uniform Reciprocal Enforcement of Support Act.[1] Upon a trial and the presentation of evidence, and the contentions of the parties, the trial court resolved the issues in favor of the plaintiff, and included in his decision the following recitals:

The court being fully advised as to the law and the facts   .   .   .

*       *       *       *       *       *

The court having found that defendant has a duty of support for Plaintiff   .   .

*       *   .   *       *       *       *

The court ruled the Texas decree has been in full force but neither of the parties have complied   .   .   .

And further, made its determination that instead of the $400 per month support money, the defendant should pay plaintiff $150 per month for that purpose.

There are some difficulties with the position essayed by the defendant in attacking the judgment.

■   First, we assume that the law of a sister state (Texas) is the same as the law of our own State unless the contrary is shown.[2] It is appreciated that the law

---

1. California Code of Civ.Pro., Sec. 1650, et seq.;   Sec. 77–61a–1, et seq., U.C.A.1953.

2. See *Whitmore Oxygen Co. v. State Tax Commission*, 114 Utah 1, 196 P.2d 976 (1948).

could be thus proved by calling the court's attention thereto as provided by Rule 44(f), U.R.C.P., and Rule 9(3), Utah Rules of Evidence. But there is no reporter's transcript of the proceeding below; and the record does not show this was done. Moreover, there is cited in the brief the Texas case of *Francis v. Francis*[3] to the effect that contracts made in relation to divorce, which impose an obligation of support on a husband as part of a property settlement are not considered alimony, and thus not inimical to Texas law.

■ Second, if the incorporation of the property settlement agreement was for any reason improper under Texas law, there should have been an appeal and correction in the Supreme Court of Texas. That not having been done, the decree became final and is not subject to collateral attack in this proceeding.

From what has been said above it is our conclusion that there is no basis for our Utah court to adjudicate that the Texas decree and its requirement that the defendant pay plaintiff support money is invalid. We proceed to a consideration of the provisions of the decree of our district court.

■■ In this action for support under the statute referred to, and the parties being before the court, the general jurisdiction and powers, including the equity powers of our district court, were invoked.[4] The Uniform Reciprocal Enforcement of Support Act provides:

> Duties of support applicable under this act are those imposed or imposable under the laws of any state where the obligor was present during the period for which support is sought . . .[5]

Since the obligor (defendant) was present in this State during the period for which support is sought, the duty of support and the extent thereof were properly determined by the district court under the laws of Utah.

Upon a proper factual showing, under its equity powers in such matters, it was within the prerogative of the court to change the award by reducing it from $400 to $150 per month. In the absence of a reporter's transcript, we assume that the facts shown justify the findings and judgment.[6]

Affirmed. Costs to plaintiff (respondent).

HENRIOD, C. J., and ELLETT, TUCKETT and MAUGHAN, JJ., concur.

---

3. 412 S.W.2d 29 (Texas 1967).

4. See Sec. 7, Art. VIII, Utah Const.

5. Sec. 77–61a–7, U.C.A.1953.

6. *Watkins v. Simonds*, 14 Utah 2d 406, 385 P.2d 154 (1963).