**In the Matter of the Estate of Goldwyn W. CLUFF, Sr., aka G. W. Cluff.**

**No. 15559.**

Supreme Court of Utah.

Nov. 1, 1978.

Ray H. Ivie, Provo, for appellant.

Eldon A. Eliason, Delta, for respondent.

HALL, Justice:

Appellant, Aleith Cluff, filed this intermediate appeal challenging the order of the District Court of Millard County which requires her to continue as administratrix of the above-entitled estate for the sole purpose of defending a lawsuit. She bases her challenge upon constitutional, statutory, and public policy grounds.

Appellant was initially appointed as administratrix of the estate on September 9, 1974. She duly qualified as such and proceeded to administer the estate. No claims were filed against the estate and she presented her first and final account and petition for distribution and discharge to the Court. The same was approved and final distribution of the estate assets and discharge as administratrix was provided for by the order of the Court dated January 15, 1977. Some two years later (on February 11, 1977) an attorney, Eldon A. Eliason, petitioned the Court on his own behalf to reopen the estate and to reappoint appellant for the purpose of defending the said lawsuit. The petition alleged that a complaint had been filed in 1974 during the time appellant was serving as administratrix of the estate but that it was not served upon her until an unspecified hour of the day of her discharge.[1] The Court granted the petition, and by its order dated February 25, 1977, reopened the estate and reap-

---

1. We are not oblivious to the apparent underlying procedural disputes associated with the tort action which is the subject of the 1974 complaint referred to above. However, those matters are not a part of the record before us, and in accord with well-recognized rules of appellate review, we cannot consider them in connection with this appeal.

pointed appellant for the expressed purpose of determining the tort claim. Thereafter, Eliason filed an amended petition since notice to appellant of the prior petition had been returned to the clerk of the court as undelivered. The amended petition was duly noticed and came on for hearing on April 19, 1977, at which time the Court's minute entry discloses that attorney LeRay G. Jackson appeared for and on behalf of appellant, and no one objecting, the petition was granted as prayed, reappointing appellant as administratrix. On the very same day (April 19, 1977), one Cluff Talbot personally petitioned the Court to appoint himself as successor administrator, or as administrator de bonis non, in the event appellant should not continue to serve as administratrix. The order of the Court dated May 19, 1977, granting that petition reads in part as follows:

> The matter came on regularly for hearing on the 19th day of April, A.D., 1977, and petitioner was represented by Eldon A. Eliason, Attorney. Aleith Cluff [appellant] was represented by LeRay Jackson, attorney who has served as attorney for the estate. That counsel for the said Aleith Cluff represented to the Court the inability or unwillingness of the said Aleith Cluff to continue to serve as administratrix. That the consent and petition of Cluff Talbot was duly considered and counsel for Aleith Cluff, former administratrix of the estate of Goldwyn W. Cluff, Sr., expressed no opposition to the appointment of the said Cluff Talbot and concurred in said appointment.
>
>     \*    \*    \*    \*    \*    \*
>
> It appearing that there was and is unfinished business and that the estate should be reopened to allow for the determination of said claim.
>
>     \*    \*    \*    \*    \*    \*
>
> It is ORDERED that the said Cluff Talbot is hereby appointed successor administrator, de bonis non of the estate
>
>     .    .    .

Thereafter, without formal petition, by its order of May 31, 1977, the Court accepted the representation of attorney LeRay G. Jackson that Talbot had refused to act as administrator, and apparently on its own motion discharged him and ordered appellant to "continue as administratrix solely for the purpose of completing Millard County Civil No. 6400, *Sharleen Wright and Jay Wright, Plaintiffs, v. Aleith Cluff, Administratrix of the Estate of Goldwin* [sic.] *W. Cluff, Sr., deceased.*" This appeal arises from the Court's denial of appellant's motion to vacate that order.

The sole question presented for our determination is the power and authority of the Court to reappoint and compel appellant to serve as administratrix against her will. We conclude that no such power and authority exists under the facts of this case and the appointment is vacated and set aside.

■ That consent is an essential requirement to the appointment of one as an administrator is readily ascertainable from the content of both constitutional and statutory provisions. The Constitution of Utah,[2] Article I, Section 21 provides:

> Neither slavery or involuntary servitude, except as punishment for crime, whereof the party shall have been duly convicted, shall exist within this State.

The power of the Court to appoint administrators is governed by statute, U.C.A., 1953, 75-5-1, in effect at all times pertinent to this proceeding,[3] provides:

> Before letters testamentary or of administration or of guardianship are issued the executor, administrator or guardian must take and subscribe an oath that he will perform according to law the duties of executor, administrator or guardian, which oath must be attached to the letters. . . .

■ A highly personal trust arises from an appointment as administrator and to

---

2. The Constitution of the United States, Amendment XIII, Section 1, contains a similar provision.

3. Since superseded by Utah Uniform Probate Code, U.C.A., 1953, 75-1-101 et seq.

compel one to serve against his will for the benefit of those to whom he has no obligation would constitute a violation of public policy as well. It is necessary for the protection of estate heirs, creditors, and the general public that an administrator serve free from compulsion and that he only be allowed to serve when so willing. Generally speaking, only a willingness to serve is consistent with proper estate administration and the interest of the Court.

In the instant case, when the wheat is separated from all of the chaff, it is abundantly clear that appellant was discharged from her duties as administratrix in accordance with then existing law;[4] subsequently reappointed, with her *consent;* and thereafter discharged, again with her consent, in order for the Court to appoint her successor, Cluff Talbot. The fact that Talbot has, *since his appointment,* seen fit not to act, and in effect having resigned[5] as administrator, forms no legal basis upon which appellant may be again reappointed against her will. Such reappointment would only be valid and binding at such time as the herein cited statutory provisions pertaining to qualification, consent, oath, and bond are complied with. That compliance being absent, the Court was without jurisdiction and had no power to so reappoint appellant.

The obvious course of action that now remains is for the Court to appoint *one who is willing* to succeed the said Cluff Talbot as personal representative of the estate.

Costs to appellant.

ELLETT, C. J., and CROCKETT, MAUGHAN and WILKINS, JJ., concur.

---

**4.** U.C.A., 1953, 75–12–19, since superseded by Utah Uniform Probate Code, U.C.A., 1953, 75–1–101, et seq., Section 75–3–1001 thereof containing a similar provision.

**5.** Permitted by U.C.A., 1953, 75–6–2.