Leonard J. GARRAND, Plaintiff
and Appellant,

v.

Josephine Olivia GARRAND, Defendant
and Respondent.

No. 16622.

Supreme Court of Utah.

July 10, 1980.

Stephen L. Johnston, Salt Lake City, for plaintiff and appellant.

Richard L. Bird, Jr., Salt Lake City, for defendant and respondent.

CROCKETT, Chief Justice:

This case is sequel to *Garrand v. Garrand*,[1] wherein we reversed that part of the divorce decree that terminated a support award for a daughter on reaching the age of 18. But the question involved in this proceeding, as to support of the son Joseph after he became 21, was not involved nor dealt with in that case.

Thereafter, Josephine, the defendant herein, initiated a separate action (consolidated below with a petition for modification of the divorce decree). She sought to require plaintiff herein, Leonard, to provide support for their son Joseph beyond the age of 21 years on the ground that the latter is retarded and incapable of self-support. The separate action is based on the provisions of Chapter 45, Title 78, U.C.A. 1953, known as the Civil Liability for Support Act. Sections 3 and 4 require that the father and the mother support each other

---

1. Utah, 581 P.2d 1012 (1978).

and their minor children. And Sec. 78–45–2(4) states thereof that

"Child" means a son or daughter under the age of twenty-one years *and a son or daughter of whatever age who is incapacitated* from earning a living and without sufficient means. [Emphasis added.]

Upon appropriate hearing and consideration of the matter, the trial court ordered the father, plaintiff Leonard, to pay $150 per month to support his son, Joseph (no one questions that he is retarded and incapable of self-support), after he became 21.

On appeal, the father urges: (1) that inasmuch as the divorce decree awarded support for Joseph until he was 21, that was res judicata on that issue; and (2) insufficiency of the evidence to support the decree.

As to (1), above: The issue presented and decided in the prior proceeding related to the support of the children during their minority. It does not appear that the issue, as to the obligation of the plaintiff Leonard to support the son Joseph after the latter had attained the age of 21, nor of the son's right to receive such support, was tried or determined therein. Joseph is now 21, when it would normally be expected that he would have become self-supporting. But the fact is that he has not, and he is without means of support and will become an object of charity, or a burden on public welfare, unless that responsibility is placed upon his parents, including his father, as does this adjudication.

There is a firm foundation for the judgment of the trial court in the statute quoted above. It expressly fixes responsibility for support of a child "of whatever age who is incapacitated from earning a living and without sufficient means" upon his parents. Correlated to the foregoing and in further support of the trial court's ruling, this Court has recognized that when a child is so limited, either physically or mentally, that he is unable to support himself when he reaches his majority, his parents may be required to provide support beyond that time.[2]

As to the plaintiff's challenge to the sufficiency of evidence: There has been no transcript of the evidence brought to this Court; and in the absence thereof we assume that it supports the findings of the trial court.[3] However, we make the observation that, in view of the financial circumstances of the parties as shown in our prior decision in this case, it does not appear that $150 per month to provide for a retarded child would be excessive or inequitable.

Affirmed. Costs to plaintiff.

MAUGHAN, HALL and WILKINS, JJ., and HENRIOD, Retired Justice, concur.

STEWART, J., having disqualified himself, does not participate herein.

2. See *Dehm v. Dehm*, Utah, 545 P.2d 525 (1976), and authorities therein cited. This principle was also stated and reaffirmed in the later case of *Carlson v. Carlson*, Utah, 584 P.2d 864 (1978).

3. *Watkins v. Simonds*, 14 Utah 2d 406, 385 P.2d 154 (1963).