**Joseph CHAPMAN, Myrna Chapman, Plaintiffs and Respondent,**

v.

**Dennis B. CHAPMAN and Nancy S. Chapman, Defendants and Appellants.**

**No. 21000.**

Supreme Court of Utah.

Sept. 12, 1986.

Rehearing Denied Nov. 25, 1986.

---

George H. Mortimer, Provo, for defendants and appellants.

Jay Fitt, Orem, for plaintiffs and respondent.

PER CURIAM:

Defendants appeal from a summary judgment entered against them on a promissory note.

In their complaint, plaintiffs sought recovery for the principal amount of the note plus interest and attorney fees. After defendants had answered the complaint, plaintiffs filed interrogatories and requests for admissions. The record contains no answers thereto. Plaintiffs also filed two separate motions for summary judgment, each supported by an affidavit. The trial court granted summary judgment "[u]pon consideration of Plaintiffs' Motion for Summary Judgment, the affidavit, promissory note, and correspondence submitted." The sole question on appeal is whether the judgment is adequately supported by the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, [which] show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Utah R.Civ.P. 56(c).

Typically, factual disputes are raised by sworn statements. *See Holbrook Co. v. Adams*, 542 P.2d 191 (Utah 1975). A party may not rely on allegations in his pleadings to defeat a motion for summary judgment.[1] Defendants have attached to their brief an addendum which includes "answer to interrogatories" and "answer to requests for admissions." They contend that these documents raise factual issues as to such things as duress and waiver.

1. Utah R.Civ.P. 56(e). Note, however, that a verified pleading that meets the requirements for affidavits can be considered a sworn statement. *Pentecost v. Harward,* 699 P.2d 696 (Utah 1985).

Nevertheless, defendants concede that these documents were never made a part of the record. Because these "answers" are outside the record, we cannot consider them. *Matter of Estate of Cluff,* 587 P.2d 128 (Utah 1978); *Watkins v. Simonds,* 14 Utah 2d 406, 385 P.2d 154 (1963).

 The only sworn statements that might support or defeat a summary judgment in the instant case are plaintiffs' two affidavits. One affidavit was signed by plaintiff Joseph Chapman and was notarized in Utah. The affidavit appears to be fatally defective since it was notarized on August 20, 1985, by a notary public whose commission had expired on April 19, 1985. The other affidavit, however, is sufficient to support the summary judgment. It was signed by both plaintiffs and was properly notarized in California.[2] Plaintiffs therein depose as follows:

    1. Plaintiff Joseph Chapman and Defendant Dennis B. Chapman did enter into a business agreement wherein Plaintiff Joseph Chapman was to invest $7,000.00 in materials which were to be used by Defendant Dennis B. Chapman in the construction of doll houses.

    2. Plaintiffs loaned money to Defendants for the purpose of making improvements on the house of the Defendants in the amount of $3,000.00.

    3. At a certain point in time, prior to the signing of the promissory note, Defendant Dennis B. Chapman indicated his desire to terminate the business relationship and to take over the operation of the business on his own.

    4. Defendant Dennis B. Chapman proposed to pay back to Plaintiff Joseph Chapman the sum of the $7,000.00 investment, the $3,000.00 loan for the construction on Defendants' house and other monies owed by Defendants to Plaintiffs which totaled the sum of Eleven Thousand Seven Hundred Sixty Dollars and Sixty [sic] Cents ($11,760.66), and the promissory note dated August 1, 1976,

was executed to memorialize that agreement.

Attached to the affidavit are plaintiffs' accounting of the sums owed and copies of letters signed by defendants acknowledging the debt. Included with the requests for admissions is a copy of the promissory note which was executed in Ventura, California, on August 1, 1976.

    Defendants have not disputed any of these facts by sworn statement. There exists therefore no genuine issue as to any material fact. The summary judgment is affirmed. No costs awarded.[3]

---

**2.** U.C.A., 1953, § 78–26–6, provides that affidavits to be used in this state may be taken by a duly authorized notary public in another state.

**3.** Plaintiffs have chosen not to file a brief on appeal and are not entitled to any appeal costs.