David L. GREGERSON, Petitioner,

v.

BOARD OF REVIEW OF the INDUSTRIAL COMMISSION OF UTAH; High Country Drilling and Exploration; and Unigard Insurance Co., Respondents.

No. 910507–CA.

Court of Appeals of Utah.

Oct. 28, 1992.

Floyd W. Holm and Dale W. Sessions, Cedar City, for petitioner.

Henry K. Chai II and Robert C. Keller, Salt Lake City, for respondents.

Before BENCH, GARFF, and RUSSON, JJ.

RUSSON, Judge:

Petitioner, David L. Gregerson, appeals an order of the Board of Review of the

Industrial Commission denying his motion for review. We vacate and remand.

On March 13, 1985, Gregerson filed an application for hearing with the Industrial Commission, claiming compensation for medical expenses and disability compensation for severe right lower quadrant pain allegedly arising from an industrial accident. At an evidentiary hearing before an administrative law judge (ALJ) on August 6, Gregerson proffered a letter from his doctor stating that his abdominal pain was related to "the repeated stress of heavy lifting at work and possibly off work." Also, Gregerson testified that he had not taken pain medication for lower quadrant pain prior to the industrial accident. The ALJ ordered Gregerson to submit to an examination by a medical panel, which was scheduled on the day following the hearing.

Gregerson instead attempted to see the medical panel doctor on the same day as the hearing, but was unsuccessful. Gregerson did not return to the doctor's office the following day for his scheduled appointment. The doctor's office rescheduled the appointment, but again Gregerson did not keep it. At that point, the doctor's office contacted the ALJ and asked that Gregerson's file be picked up since he refused to cooperate. Gregerson was never examined by the medical panel.

On August 30, 1985, Unigard Insurance Company and High Country Drilling and Exploration (respondents) submitted records to the ALJ indicating that doctors had prescribed Tagamet for Gregerson since September 1982. They claimed that such records controverted Gregerson's testimony at the hearing that he had not taken pain medication for lower quadrant pain prior to the industrial accident.[1]

In February 1986, respondents requested that the ALJ dismiss Gregerson's action with prejudice due to his failure to submit to the medical panel. In February 1987, Gregerson filed a motion requesting a decision, or in the alternative, resubmission to a medical panel. In December 1987, Gregerson again requested that the ALJ render a decision, and in October 1988, respondents requested same. The ALJ failed to respond to any of these requests. On August 10, 1990, five years after the hearing, the ALJ entered findings, conclusions and an order denying Gregerson's claim on the ground that Gregerson had failed to demonstrate a causal connection between his pain and the industrial accident.

On September 7, 1990, Gregerson filed a motion for review of the ALJ's decision with the Board of Review of the Industrial Commission (the Board), claiming that the evidence was insufficient to support the ALJ's finding that his pain was not caused by his employment, and that the ALJ was unfairly prejudiced toward him for his failure to keep his appointments with the medical panel.

After filing his motion for review, Gregerson discovered that the reporter's notes of the evidentiary proceedings of August 7, 1985, had been destroyed, and therefore, he was unable to obtain a transcript of those proceedings. He claimed that this unduly prejudiced him and requested the Board to summarily reverse the decision of the ALJ and remand the matter for a new hearing. The Board denied that request.

On August 10, 1991, the Board issued an order denying Gregerson's motion for review, ruling that there was substantial evidence in support of the ALJ's finding that Gregerson's pain was not medically caused by his employment. Specifically, the Board cited Gregerson's failure to submit to the medical board, as well as his purported statements at the hearing that he had never taken pain medication for lower quadrant pain, which conflicted with medical records that showed that he had taken Tagamet since September 1982. Gregerson appeals that decision, claiming that: (1) he was prejudiced by the ALJ's five year delay in rendering a decision, and (2) the Board's finding that his pain was not caused by his industrial accident was not supported by the evidence.

1. While Tagamet was prescribed for Gregerson prior to the industrial accident, the medical records do not establish that such was prescribed for lower quadrant pain.

Gregerson claims that he is prejudiced by the ALJ's delay in rendering a decision because such delay resulted in the reporter's notes being destroyed, thus precluding him from obtaining a transcript of the evidentiary hearing for the purposes of this appeal. He argues that, without a transcript, this court cannot adequately review the evidence received at the hearing and determine whether such supports the Board's findings. We agree.

While the Board correctly asserts that the delay in rendering a decision in this case "was due partly to the fact that [the ALJ] had no medical panel information because of [Gregerson's] failure to keep his appointments," such does not justify the inordinate delay in this case. As early as February 1986, six months after the hearing, respondents requested the ALJ to dismiss Gregerson's action due to his failure to submit to the medical panel. In February 1987, Gregerson himself requested that the ALJ render a decision or resubmit him to the panel. In December 1987, Gregerson again requested the ALJ to render a decision, and in October 1988, respondents requested same. The ALJ did not respond to any of these requests, and it was not until August 1990, five years after the original hearing, that the ALJ, without any explanation for such delay, entered the findings, conclusions and order in this matter. By that time, the reporter's notes of the evidentiary hearing had been destroyed as a matter of routine.

In a similar case, the Utah Supreme Court stated:

> An important fact in this case is that the long delay in submitting findings and judgment to the court by the prevailing party contributed to the impossibility of obtaining a transcript of the testimony at the time of the appeal. We cannot review the evidence to determine whether it supports the court's finding and we are of the opinion that the deficiency can only be corrected by a trial de novo.

*Reliance Nat'l Life Ins. Co. v. Caine,* 20 Utah 2d 427, 439 P.2d 283, 285 (1968) (footnote omitted).

Likewise, in the case at bar, the ALJ's delay in rendering a decision has made it impossible to obtain a transcript of the evidentiary hearing for the purposes of this appeal. Without the transcript, we cannot review the evidence presented at that hearing in order to determine whether it supports the Board's finding that there was no medical causation between Gregerson's employment and his injury. Without such transcript, Gregerson would indeed be prejudiced for purposes of this appeal. Accordingly, due to the unavailability of the transcript of the evidentiary hearing in this case, we vacate the order of the Board and remand this case to the commission for a new hearing.[2]

BENCH and GARFF, JJ., concur.

---

2. In light of this, we need not consider the other issue raised by Gregerson on appeal.