THE STATE OF UTAH, PLAINTIFF, *v.* J. E. BOOTH, JUDGE OF THE FOURTH JUDICIAL DISTRICT COURT OF UTAH, DEFENDANT.

CRIMINAL PROCEDURE — JUDGMENT OF DISMISSAL — FINAL JUDGMENT — STATE HAS RIGHT OF APPEAL — UNDER CONST., ART. 8, SEC. 9.— JURISDICTION — OF SUPREME COURT — IN MANDAMUS — WHEN NOT EXERCISED CONST.— ART. 8, SEC. 4.

*Criminal Procedure — Judgment of Dismissal — Final Judgment — State Has Right of Appeal — Under Const., Art. 8, Sec. 9.*

A judgment of dismissal, discharging a prisoner, in a criminal case, and releasing his bail, entered after hearing arguments on a plea to the jurisdiction of the court, is a final judgment; and under the provisions of the constitution, Art. 8, Sec. 9, an appeal lies, on behalf of the State, to the supreme court.

*Jurisdiction — Of Supreme Court — In Mandamus — When Not Exercised — Const., Art. 8, Sec. 4.*

    While it is true that the supreme court, under Art. 8, Sec. 4, of the constitution, has original jurisdiction to issue the writ of *mandamus,* yet even if it were conceded that *mandamus* is the proper remedy, when the right of appeal exists, still the supreme court will not entertain jurisdiction and issue the writ, unless it is apparent that the interest of justice requires the interposition of the power.[1]

(Decided Dec. 6, 1899.)

Original application in this court for a writ of *mandamus* to compel the judge of the Fourth District Court to reinstate a certain cause, by him dismissed and proceed with the trial of said cause on its merits. *Writ denied.*

*S. A. King, Esq.,* and *Hon. A. C. Bishop,* attorney-general, for petitioner.

*J. W. N. Whitecotton, Esq.,* for defendant.

STATEMENT OF FACTS.

It appears from the petition that in September, 1895, in the Third Judicial District Court, of the late Territory of Utah, an indictment was returned charging one George Bates with the crime of murder in the second degree. In April, 1896, after Utah had been admitted as a State, Bates was tried for that offense in Tooele County, by a jury of eight persons against the objections of the defendant. The trial resulted in his conviction and sentence to the State prison for a term of ten years. On May 2, 1898, he was released from imprisonment by the United States District Court upon proceedings in *habeas corpus.* Thereupon, on the same day, he was again arrested on the same indictment, and for the same offense by the

---

[1] *State* v. *Hart,* 19 Utah, 438; *Pace* v. *Van Tassel,* 13 Utah, 9; Distinguished.

sheriff of Tooele County, and held for trial in the district court in and for that county. Thereafter a change of venue was granted to the district court of the Fourth Judicial District in and for Utah County, where the case was set for trial, on September 26, 1899. Previous to the day set for trial, counsel, on behalf of the defendant, filed a motion in writing for the dismissal of the cause, and the discharge of the defendant's bail, based on the ground that the court had no jurisdiction to try the case, the motion to be heard upon the files and records of the cause. Before the hearing on the motion, counsel for the State filed an affidavit, reciting the proceedings in the Federal Court, which resulted in the discharge of the defendant from the State prison. On September 18, 1899, the court heard the motion and arguments of counsel, and upon it being submitted took the matter under advisement, until September 20, 1899, when a decision was rendered as follows : "In this cause the motion to dismiss heretofore heard and submitted, the court, now being fully advised, grants the motion, and the cause is dismissed," and thereupon discharged the prisoner and his bail.

The prosecution now seeks, by proceedings in *mandamus*, original in this court, to compel the judge of the lower court to reinstate the case and proceed with the trial of the cause on its merits.

This court issued an alternative writ, and on the return day thereof, the defendant herein filed a demurrer to the affidavit on which the writ was issued, and a motion to quash the writ on the grounds that the affidavit did not state facts sufficient to constitute a cause of action, and that the plaintiff has a plain, speedy, and adequate remedy in due course of law.

The demurrer and motion to quash were argued and submitted for our decision.

BARTCH, C. J., after stating the case as above, delivered the opinion of the court.

The defendant contends that the demurrer should be sustained, and the writ quashed for the reason that the plaintiff has a plain, speedy, and adequate remedy in the ordinary course of law, maintaining that the order, dismissing the case and releasing the bail, was a final judgment, from which under our constitution the State has the right to appeal.

We are of the opinion that this contention is well founded.

In Sec. 9, Art. 8, Const., it is provided: "From all final judgments of the district courts, there shall be a right of appeal to the supreme court." Here is a plain and express provision of the fundamental law which grants the right of appeal "from all final judgments of the district courts." It is mandatory and applies alike to criminal prosecutions and civil actions. It is a limitation alike upon the legislative and judicial powers of the government. Neither the Legislature by legislation nor the judiciary by interpretation can lawfully deprive any person, natural or artificial, from this sovereign right. The State is not made an exception, and therefore is included within the provision which in terms is general, the only condition imposed being that the judgment or decision, from which the appeal is taken, be final. This condition existing in any case any aggrieved party may exercise the right.

Was then the decision, in question, a final judgment, within the meaning of the constitution? It seems clear that it was. It was the duty of the court to hear the motion and arguments of counsel and then decide the question upon the facts and the law. In doing this it acted judicially, and the decision was the result of an exercise

of judicial discretion, and when the action was dismissed, the case was ended so far as that tribunal was concerned. Neither party could proceed further. The cause was effectually disposed of and nothing was reserved for future determination. The plea to the jurisdiction having been determined adversely to the prosecution, it no longer had any standing in that court, and the defendant was entitled to be discharged and the bail released. While a judgment of dismissal does not always determine the rights of the parties litigant and may not preclude the bringing of a new action, still it is conclusive as to the rights of the parties in that particular suit; and where the rights of the parties in an action, or a distinct and independent branch thereof, are determined by the court, and nothing is reserved for future determination, except what may be necessary to enforce the judgment or decision, the judgment is final. "Final judgments," says Sir William Blackstone, "are such as at once put an end to the action by declaring that the plaintiff has either entitled himself, or has not, to recover the remedy he sues for." 3 Bl. Comm., 398.

In *Dowling* v. *Polack*, 18 Cal., 626, it was said: "In effect, a dismissal is a final judgment in favor of the defendant; and although it may not preclude the plaintiff from bringing a new suit, there is no doubt that for all purposes connected with the proceedings in the particular action, the rights of the parties are affected by it in the same manner as if there had been an adjudication upon the merits."

So, in *Leese* v. *Sherwood*, 21 Cal., 152, it was said: "A dismissal of an action is a final decision of the action, and it is a final decision of the action as against all claim made by it, although it may not be a final determination of the rights of the parties as they may be presented in

some other action." 12 Am. & Eng. Ency. Law, 63; *Zoller* v. *Mc Donald*, 23 Cal., 136; *Stoppenbach* v. *Zohrlaut*, 21 Wis., 390; *Gill* v. *Jones*, 57 Miss., 367; *Scriven* v. *Hursch*, 39 Mich., 98; *Bowie* v. *Kansas City*, 51 Mo., 454.

It is insisted on behalf of the State, however, that, even though the right of appeal exists, it is entitled to have the writ of mandate issued in this case. We think not. It is true under Sec. 4, Art. 8, Const., the supreme court has original jurisdiction to issue the writ of *mandamus* as well as other common law writs, but from this it does not necessarily follow that we must, or that it is our duty to issue the writ of mandate, or any other of the writs referred to in every instance upon application therefor. To assume and exercise jurisdiction in all cases which might be brought before us by the use of one or the other of the various writs, would be to greatly impair the appellate power of this court, since it would consume the time thereof in the trial of original proceedings. Clearly such was not the design of the framers of the constitution.

This court in *State* v. *Elliott*, 13 Utah, 200, where an application for a writ of *quo warranto* was made, speaking of the consequences which would follow, if we were to entertain jurisdiction in every controversy which might be brought before us, by the use of one of the writs mentioned in Sec. 4, said : " This would seriously impair the usefulness of this tribunal as an appellate court, and yet its appellate power was the main object of its creation. No construction which would render such a result possible is warranted by the provisions of the constitution relating to the judicial department. From the general policy indicated, and the language used, it is manifest that this tribunal was intended by the framers of the constitution to be essentially a court of appeals."

From these considerations, even if *mandamus* were conceded to be a proper remedy, where the right of appeal exists, still it seems clear that we ought not entertain jurisdiction and issue the writ, unless it be made to appear to the satisfaction of the court that, in the particular case, there is an urgent necessity for our doing so, or unless there is some exigency presented which renders it apparent that the interest of justice requires the interposition of the power.

The case at bar presents no such necessity or exigency, the remedy by appeal being entirely adequate to meet the ends of justice. In such a case *mandamus* is not the proper remedy. This is true in view of judicial decision as well as of the statute, which, in Sec. 3642, R. S., *in* reference to *mandamus*, provides : "This writ must be issued in all cases where there is not a plain, speedy, and adequate remedy in the ordinary course of law." It will be observed that this provision requires the writ to be issued only where there is no "plain, speedy, and adequate remedy in the ordinary course of law." It is apprehended that no one seriously doubts that an appeal is such a remedy where there is a final judgment, and we have seen that in the case at bar the decision of the court made, in the exercise of judicial discretion, upon the plea to the jurisdiction is a final judgment, and that under our constitution the prosecution is not precluded from exercising the right of appeal. Under such circumstances, *mandamus* is not a proper remedy, and will not lie.

"*Mandamus* will not lie when there is a remedy by appeal or writ of error ; that is, it will not take the place of an appeal or a writ of error, and is not the proper remedy to be resorted to to compel an inferior court or judicial tribunal to reverse a decision already made ; and the writ does not lie to revise judicial action. The relator

must show that he can not appeal, to make out a right to a *mandamus.*" 13 Ency. Pl. & Pr., 530.

In the case of the *People* v. *Garnett,* 130 Ill., 340, Mr. Justice Magruder, delivering the opinion of the court, said: "A *mandamus* will not be issued by a superior to an inferior court for the purpose of controlling the latter in the exercise of its judicial judgment or discretion. Where one of the appellate courts of this State dismisses an appeal to it from a circuit court for want of jurisdiction, it thereby judicially determines a question incident to the proceedings and properly arising therein; in passing upon the question it acts in a judicial capacity, and, therefore, *mandamus* will not lie to compel the reinstating of the appeal."

In *State* v. *Judges,* 38 La. Ann., 97, the supreme court of Louisiana held that, "*mandamus* will not lie to compel an inferior judge to proceed to the trial of an appealable case which he has dismissed by sustaining a plea to his jurisdiction. The remedy is by appeal."

So, in *ex parte* Hoard, 105 U. S., 578, Mr. Chief Justice Waite, speaking for the court, said: "It is an elementary principle that a *mandamus* can not be used to perform the office of an appeal or a writ of error."

In the case of *In re* Pennsylvania Co., 137 U. S., 451, Mr. Justice Bradley said: "It is true that after a case has proceeded to the filing of a declaration and a plea to the jurisdiction, or its equivalent, and a judgment is rendered in favor of the plea and a consequent dismissal of the action, this court has held that the plaintiff is confined to his remedy by writ of error, and can not have a *mandamus,* which only lies, as a general rule, where there is no other adequate remedy." High on Ex. Legal Rem., Secs. 19, 252; Merrill on *Mandamus,* Secs. 202, 203; *People* v. *Weston,* 28 Cal., 640; *State* v. *Smith,* 19 Wis., 558;

*Ex parte* Baltimore & O. R. R. Co., 108 U. S., 566; *Ex parte* Railway Co., 103 U. S. 794; *People* v. *Judges*, 20 Wend., 658; *Commonwealth* v. *Thomas*, 163 Pa. St., 446; *Ex parte* Mc Kissack, 107 Ala., 493; *Strong* v. *Grant*, 99 Cal., 100; *People* v. *Superior Court*, 114 Cal., 466.

Counsel for the plaintiff cites, as authority for making the application herein, the case of *State* v. *Hart*, 57 Pac. Rep., 415, which was recently decided by this court.

It is true, there we issued the writ of mandate, but that case is clearly distinguishable from this. There the judge refused to proceed with the trial, that is, refused to act, claiming that he had no jurisdiction, which refusal is shown by the facts, and appears from the opinion of the court wherein Mr. Justice Miner, delivering the same, said: " The record shows that the presiding judge refused to impanel a jury of twelve persons to hear and try the case, and declined to proceed to the hearing of said cause, because the court had no jurisdiction to impanel a jury, and that to do so would be contrary to law.''

No judgment of dismissal was entered or any decision made from which the State could appeal. In this case, as appears from the affidavit upon which the alternative writ was issued, the court did not refuse to act, but proceeded to hear a distinct branch of the case,—a plea to the jurisdiction, which was properly before it, and judicially determined that it had no jurisdiction to try the cause upon its merits, then entered a judgment of dismissal, and discharged the prisoner and bail, the same being a final judgment, from which the State has the right of appeal.

The former case is similar to *State* v. *Smith*, 19 Wis., 558, where the application for a peremtory writ of *mandamus* was denied, and where Mr. Chief Justice Dixon,

speaking for the court, said: "The affidavit shows only that the county court refused to proceed with the trial. To lay the foundation for such an application, it should appear that the court refused to take any action. For though the court refused to try the case for want of jurisdiction, it still might not refuse to dismiss it for the same reason, and if dismissed the relator would have his remedy by appeal from the judgment or order of dismissal."

*State* v. *Hart* can not avail the plaintiff in this case. Nor do we think *Pace* v. *Van Tassel*, 13 Utah, 9, is in point as a controlling authority. The facts and conditions which controlled in the latter case are not at all similar to those in this, nor was there any holding that the writ of mandate would lie where there is a plain, speedy, and adequate remedy by appeal.

Since we are of the opinion that, under the circumstances of this case, the State has the right of appeal, and that *mandamus* will not lie, it becomes unnecessary to decide any other question presented.

The demurrer to the petition must be sustained, the motion to quash the alternative writ granted, and a peremptory writ denied.

It is so ordered.

MINER, J., and BASKIN, J., concur.