THE STATE OF UTAH, Appellant, v. P. J. McKENNA, Respondent.

### No. 1338.  (67 Pac. 815.)

**1. Railroads: Injury to Appliances: Information: Sufficiency.**
Revised Statutes 1898, section 4423, makes it an offense for any one to remove, displace, injure, or destroy any part of a railroad, whether for cars propelled by steam or other motive power, or any track, structure, or fixture, or any part thereof, attached to or connected with any railroad.  Section 4732 declares that an information must be certain as regards the offense charged.  An information on a prosecution under section 4423, alleged that defendant displaced a part of a railroad, to-wit, the air hose and two angle cocks on a train of cars.  *Held*, that the information was insufficient in failing to allege that the cars were connected with the railroad and propelled by steam or other motive power.

**2.  Same: Appeal by State.**
Constitution, article 8, section 9, providing that from all final judgments of the district court there shall be a right of appeal to the Supreme Court authorizes an appeal by the State on the discharge of one accused of a violation of Revised Statutes 1898, section 4423, making it an offense for any one to injure or destroy any part of a railroad.[1]

(Decided February 20, 1902.)

Appeal from the Fourth District Court, Utah County.—*Hon. T. Marioneaux*, Judge.

---

[1] State v. Booth, 21 Utah 88; 59 Pac. 553.

An information was filed against the defendant under section 4423, Revised Statutes 1898, for displacing a part of a railroad. Upon the trial the defendant objected to any evidence being given in the case on the part of the State on the ground that the information did not state any public offense. From a judgment discharging the defendant and releasing his bail, the State appealed.

AFFIRMED.

*Hon. M. A. Breeden*, Attorney-General, and *Hon. W. R. White*, Deputy Attorney-General, for the State.

*Jacob Evans, Esq.*, for respondent.

MINER, C. J.—An information was filed against the defendant substantially in the following language:    "The said P. J. McKenna, on the nineteenth day of August, A. D. 1901, at the county of Utah, State of Utah, unlawfully, maliciously, and feloniously did displace a part of a railroad, to-wit, the air hose and two angle cocks on a train of cars, the property of the Rio Grande Western Railway Company, a corporation, by then and there unlawfully, maliciously, and feloniously closing said angle cocks, and parting said air hose, thereby cutting off the air line on said train of cars." To this information a demurrer was interposed on the ground that it did not state facts sufficient to constitute a public offense. Upon the trial the defendant objected to any evidence being given in the case on the part of the State, on the ground that the information did not state any public offense whatever. This motion was sustained, and the defendant was discharged and his bail released.    From this order and judgment the State appeals.

The statute (section 4423, Rev. St. 1898) under which the information in this case was drawn, so far as material

here, reads as follows: "Every person who maliciously, either: 1. Removes, displaces, injures, or destroys any part of any railroad, whether for cars propelled by steam or any other motive power, or any track of any railroad, or any branch, or branchway, switch, turnout, bridge, viaduct, culvert, embankment, station house, or other structure or fixture, or any part thereof attached to or connected with any railroad;" etc., shall be punished, etc. It does not sufficiently appear that the train of cars in question was attached to or connected with any railway. A train of cars would not become a part of a railroad under this act, upon which to predicate a criminal prosecution, unless shown to be attached to or connected with a railroad and propelled by steam or other motive power. The mere charge that the defendant injured a train of cars does not amount to a charge that he did so to cars propelled by steam or other motive power, as specified under the statute. The statute makes it an offense to maliciously injure the particular kind of cars named therein. It was therefore necessary that the particular kind of cars named should be specified in the information, under the substantial language of the statute. Such an allegation is an essential element of the crime, and the defendant had a right to know the nature and cause of the accusation against him, so that he could prepare for his defense. Hughes, Cr. Law and Prac., secs. 2704, 2708. So far as appears, the cars referred to may have been "dead" or disabled cars on a side track, or out of use. As a general rule in indictments and informations for offenses created by statute it is sufficient to describe the offense in the words of the statute. When the words of the statute are descriptive of the offense, it is always safer to do so, as it is necessary to bring the defendant within the material words of the act. So, when the subject-matter is defined by statute, the descriptive words contained in the act should be used in the information. In such cases it is necessary that the information for a statutory offense should identify and dis-

tinguish it from every other, and set forth specifically its statutory components, either in the words of the statute or in language substantially equivalent.    Section 4732, Rev. St. 1898; Hall v. People, 43 Mich. 417, 5 N. W. 449; Tiff. Cr. Law, p. 463.   It was held in People v. Marion, 28 Mich. 257, that, "As every man is presumed to be innocent until proved to be guilty, he must be presumed also to be ignorant of what is intended to be proved against him, except as he is informed by the indictment or information."   It was no offense, under the statute, to injure a car unless it was attached to a railroad and was propelled by steam or other motive power.   The information herein should have contained, substantially, the descriptive words used in the statute.   Koster v. People, 8 Mich. 431; People v. McLean, 68 Mich. 480, 36 N. W. 231.

It is also contended by respondent that the State has no right to appeal.   Section 9, article 8, Constitution, provides that, "From all final judgments of the district courts, there shall be a right of appeal to the Supreme Court."   This includes the right of the State to appeal from such judgments, under such regulations as may be provided by law. State v. Booth, 21 Utah 88, 59 Pac. 553.

The judgment of the district court is affirmed.

BASKIN and BARTCH, JJ., concur.