WESTERLUND, Respondent, vs. HAMLIN and another, imp., Appellants.

*October 21—November 17, 1925.*

*Divorce: Alimony and division of estate: Real estate jointly owned: Death of husband.*

1. In a divorce action the court cannot grant both alimony and a final division of property.   p. 162.
2. Where alimony was granted and a receiver was appointed for real estate until a suitable opportunity for its sale presented itself, the court did not, under sec. 2364, Stats., intend to divest the parties of their interest in the real estate held jointly by them, and upon the death of the husband the wife took title to the whole.   p. 162.
3. Sub. 1, sec. 2374, Stats., fixes the status of the parties to a divorce action for the purpose of determining questions of inheritance, but does not otherwise change the title to property.   p. 163.

APPEAL from a judgment of the circuit court for Milwaukee county: G. N. RISJORD, Judge.   *Affirmed.*

Action was brought by the respondent to quiet title to real estate held in joint tenancy by the respondent and her husband before the death of the husband.

The trial court found in substance that in 1907 one Thon conveyed to Louis Westerlund and *Adolfina Westerlund,* husband and wife, and to the survivor, by warranty deed, the property in question; that on the 15th day of February, 1919, a judgment of divorce was granted in the circuit court for Milwaukee county to the respondent against Louis Westerlund, her husband, in which the court found that the real estate owned by the parties consisted of two cottages and a double flat on the real estate conveyed to the parties by Thon, and further found:

"That the defendant is not capable of managing the real estate owned jointly by the plaintiff and defendant, therefore it is necessary to manage said property, collect rents, and perform such other services in connection therewith as the court may from time to time determine."

Westerlund v. Hamlin, 188 Wis. 160.

In the divorce judgment the court appointed a receiver to collect the rents from said property, and directed the disposition of the rents so collected, awarding $30 a month to the wife and $250 to her for attorney's fees, and also awarding her the household furniture. The court further adjudged:

"That all payments of alimony provided for herein shall be made at the office of the clerk of this court at the court house in the city and county of Milwaukee aforesaid."

The court further adjudged:

"That the real property shall remain in said receiver's control not exceeding one year from date of judgment, and shall when a suitable opportunity of sale of said real estate presents itself so inform the court for further proceeding, as by law provided, and upon sale of the same each party is to receive an equal division of the equity thereof."

In December, 1919, Louis Westerlund made a will devising his property, under the terms of which the appellants became the owners of an interest in such real estate of which Louis Westerlund died seized. He died within the year after the day of the divorce, viz. January 22, 1920.

The circuit court gave judgment for the plaintiff, and defendants appealed.

For the appellants there was a brief by *Rix, Barney & Kuelthau* of Milwaukee, and oral argument by *G. Karl Kuelthau*.

For the respondent there was a brief by *Douglas J. Mangan*, attorney, and *William F. Shaughnessy*, of counsel, both of Milwaukee, and oral argument by *Mr. Mangan*.

CROWNHART, J. The decision of this case turns wholly on the construction of the judgment of the circuit court in the divorce proceedings between Louis Westerlund and the respondent. It will be seen from the portions of the judgment and findings quoted that the court did not in terms make any conveyance of the property jointly owned by the

parties to that action, and that the court expressly provided that said property should remain in the receiver's control not exceeding one year from the date of the judgment, and that when a suitable opportunity of sale of said real estate should present itself, the receiver was to inform the court for further proceedings as by law provided. Sec. 2364, Stats., provides:

"Upon every divorce from the bond of matrimony for any cause . . . the court may further adjudge to the wife such alimony out of the estate of the husband, . . . as it shall deem just and reasonable, or the court may finally divide and distribute the estate, both real and personal, of the husband and so much of the estate of the wife as shall have been derived from the husband, between the parties and *divest and transfer the title of any thereof accordingly. . . .*"

The court could not grant both alimony and a final division of the property. *Steinkopf v. Steinkopf*, 165 Wis. 224, 161 N. W. 757. The judgment did not in terms divest or transfer the real estate, and it did grant alimony. We are satisfied that the court did not intend by said judgment to divest the parties of their interest in the real estate until such time as the proposition of purchase should be presented to him, and that at such time he would give the matter further consideration. Thus, up to the time of the death of Louis Westerlund the title of the property was still in joint tenancy between husband and wife, and the survivor took the whole title.

It is claimed by the appellants that the judgment made a final division of the property, and that the judgment became absolute immediately preceding the death of the husband, under sub. 1, sec. 2374, Stats., which reads as follows:

"When a judgment of divorce from the bonds of matrimony is granted so far as it affects the status of the parties it shall not be effective until the expiration of one year from the date of the entry of such judgment; excepting that it shall immediately bar the parties from cohabitation together

and that it may be reviewed on appeal during said period. But in case either party dies within said period such judgment, unless vacated or reversed, shall be deemed to have entirely severed the marriage relation immediately before such death. Should the parties cohabit together after entry of such judgment and before vacation or reversal of same, they shall be subject to the penalties provided by section 2376."

The second sentence of this section undoubtedly fixed the status of the parties for the purpose of determining questions of inheritance, but it does not otherwise attempt to change the title of property. Immediately upon the death of Westerlund, the survivor, under the deed of Thon, took title to all the real estate described in the deed.

*By the Court.*—The judgment of the circuit court is affirmed.