429 P.2d 35

Wanda CARTER, Plaintiff and Respondent,

v.

Ercil V. CARTER, Defendant and Appellant.

No. 10751.

Supreme Court of Utah.

June 7, 1967.

Howard & Lewis, Jackson B. Howard, Provo, for appellant.

Dave McMullin, Payson, for respondent.

ELLETT, Justice.

The plaintiff was awarded a decree of divorce from the defendant on March 14, 1949. Within two weeks thereafter the parties reconciled their differences and lived together for some fourteen years. They did not cause the decree to be set aside, and so it became final six months from the day it was entered by the clerk in

the judgment docket. A child was born to the parties in April of 1951 and has been reared by the parties and acknowledged by the defendant as his child. Hence, the child is his legitimate child by adoption pursuant to Section 78-30-12, U.C.A.1953. See In re Garr's Estate, 31 Utah 57, 86 P. 757.

The original divorce decree among other things provided:

Plaintiff is hereby awarded the house and lot in which she now resides and in which plaintiff and defendant and their children have been residing for the use and occupancy of said plaintiff and said minor children, said plaintiff not to sell said place without the consent of this Court and agreement of plaintiff and defendant. It is further ordered that defendant maintain the payments due and to become due on the debt on said place amounting to $31.94 per month until said debt is paid in full. Defendant is further ordered to furnish plaintiff a suitable washing machine or continue the payments on washing machine now being purchased by parties hereto. Defendant is further ordered to pay all taxes due or which will hereafter become due on said place at the time said taxes become due and payable. Plaintiff is further awarded all furniture and furnishings in said home.

In January of 1964 the parties had another falling out and have remained separate and apart ever since. In May of 1964 the parties appeared by counsel before the court and entered into a stipulation for a modification of the 1949 decree of divorce, and based upon said stipulation the court did modify the decree in the following respect:

That the defendant is hereby ordered to vacate the residence and property of the parties which has heretofore been awarded to the plaintiff and located at 1891 West 600 South Street in Provo, Utah, and that the plaintiff herein shall have the peaceful use and possession of said residence together with the household furnishings and supplies located in said house except for the personal tools and effects of the defendant herein.

While living with the plaintiff, the defendant made some improvements to the home in a claimed amount of some $4,000.00.

The plaintiff has remarried and no longer lives in the house in question. She claims she had to move because the defendant took up a residence just two doors from her and harassed her to such an extent that she could not live with her new husband in the old home. She is renting the old home and receiving the income therefrom.

The defendant filed a petition requesting the court to sell the house and lot, to give him $4,000.00 for the improvements he made, and to divide the remainder equally between the parties.

The plaintiff claims she also has made improvements to the place and that any improvements made by the defendant did not amount to as much as the rental value of the house during the fourteen years of reconciliation. She petitioned the court to remove the restrictions in the original decree regarding her selling the place and to award her the home as her separate property.

After hearing, the trial court denied both petitions and left the property in status quo without clarifying the question of ownership.

The defendant appeals from the court's failure to order the house sold and to make a division of the proceeds.

■ It seems that the house was originally owned jointly by plaintiff and defendant, and that joint ownership was not changed by the original decree of divorce or by the modification thereof. Witman v. Webner (1933), 108 Pa.Super. 188, 165 A. 256; Westerlund v. Myrell (1925), 188 Wis. 160, 205 N.W. 817.

The language quoted above from the order modifying the original decree, to wit, "That the defendant is hereby ordered to vacate the residence and property of the parties which has heretofore been awarded to the plaintiff," does not vest title to the home in the plaintiff. It refers to "property of the parties" and does not change the restrictions on alienation as imposed in the original decree. The plaintiff still cannot sell without the consent of the court and the agreement of plaintiff and defendant. Nor does it relieve the defendant of the duty to pay taxes thereon.

Our statute provides that when a decree of divorce is granted, the court retains jurisdiction to modify the decree with respect to the disposal of the children and the distribution of the property. Section 30–3–5, U.C.A.1953.

■ The trial court has a wide discretion regarding distribution of property and in fixing support money for minor children. The home may be the guarantee that the minor child be supported, and we cannot say that the trial judge abused his discretion in denying both petitions as he did. When the child becomes self-supporting or ceases to be a minor, the court will doubtless make such an order regarding the distribution of the property as shall be reasonable and proper. In the meantime the rental from the old home assures some income to the plaintiff and will be a factor in determining how much money the defendant should pay for the support of his minor child.

The judgment of the District Court is affirmed. The plaintiff is awarded her costs incurred herein.

CROCKETT, C. J., and MARCELLUS K. SNOW, District Judge, concur.

**186**

HENRIOD, Justice (concurring in the result).

Respectfully, I concur in the result, but have the following to observe:

The petition for modification, or order to show cause why Mr. C. should not be evicted, or whatever you call it, simply was unnecessary as to that phase of this case, since that was the decree fourteen years earlier. There was no occasion for modification, but only enforcement of an existing decree, Mr. C.'s petition to the contrary notwithstanding.

All Mr. C.'s pit-pash about expending $4,000 on the house, for which he now claims credit, is pure nonsense. It amounts to about $300 per year as payment for an illicit cohabitation for a $25 per month sleeping privilege. It appears that biology, not the two-room house, was of prime import, when for less than $100 these people could have legitimized, by having the decree set aside during the interlocutory period, not only their marriage, but that of their son,—both of which statuses are now highly in doubt. I see no reason why this boy's status should be interjected into this case or the Pacific Reporter, since the majority opinion's citation of 78-30-12, U.C.A. 1953 has its only support in the case of a bachelor,[1] and not with respect to a married man,—and I would prefer to leave the boy out of this case.

I see no reason why this case should not be decided by one word: "Affirmed," and let the original decree stand until some *decent* evidence can be adduced to change it,—or give the house to Mrs. C. outright.

TUCKETT, J., having disqualified himself did not participate herein.

CALLISTER, J., not participating.

---

1. In re Garr's Estate, 31 Utah 57, 86 P. 757 (1906).