TOWN AND COUNTRY DISPOSAL, INC., a Utah Corporation, Plaintiff and Respondent,

v.

J. C. MARTIN et al., and Ken Christopher, Defendants and Appellants.

No. 14548.

Supreme Court of Utah.

April 19, 1977.

---

4. Utah, 552 P.2d 646 (1976).

Dwight L. King, Salt Lake City, for defendants and appellants.

Roger F. Cutler, Salt Lake City, for plaintiff and respondent.

WILKINS, Justice:

On September 1, 1974, Plaintiff Town and Country agreed to sell its trash collection business to Defendants Martin and Christopher. A written sales contract was executed by the parties on that date. Subsequently, neither of the defendants had performed their obligations as per said sales contract, so on January 22, 1975, plaintiff and Defendant Christopher (herein "defendant") executed a written novation agreement (herein "agreement") which, by its terms, reserved all of plaintiff's rights against Martin under the original sales contract but constituted a new agreement between plaintiff and defendant. Since Martin has not chosen to appeal the judgment against him, the issues to be considered on appeal are only those raised by defendant regarding said agreement executed by him as purchaser and plaintiff as seller of plaintiff's trash collection business.

Pursuant to the agreement, plaintiff agreed basically to sell its business accounts and major assets to defendant upon the following terms: (1) that defendant would assume plaintiff's unpaid balance on a trash collection truck by making monthly payments of $736.27 to Leach Credit Corporation (herein "Leach") until such balance was paid; (2) that defendant would continue monthly payments of $396.14 to I.D.S. Corporation (herein "I.D.S.") for the purchase of fifty-two (52) trash containers in accordance with the terms of a financing contract between plaintiff and I.D.S.: and (3) that defendant would pay the total amount of $4,750.00 to plaintiff at the rate of $250.00 per month for the purchase of plaintiff's accounts. The agreement further proved that if the defendant defaulted in any term thereof, plaintiff was accorded the right to repossess all business equipment transferred to defendant upon giving at least ten days notice.

On February 25, 1975, plaintiff sent a letter by certified mail to defendant stating plaintiff's intention of repossessing its "equipment and business on or after March 7, 1975." On March 7, 1975, plaintiff repossessed the trash collection truck by driving it away when defendant had entered a customer's place of business during his trash collection rounds.

The District Court of Salt Lake County, sitting without a jury, found the defendant in breach of contract for his failure to make monthly payments as required by the agreement. The Court concluded that repossession of the trash collection truck and notice of its repossession had been proper and rendered judgment against the defendant in the amount of $4,750.00 (the agreed price for the purchase of accounts) together with $455.00 in prejudgment interest and $22.00 in costs. The Court also found that the plaintiff had met all its obligations pursuant to the agreement.

The defendant seeks a reversal of the decision below upon two grounds. First, he contends that repossession of the trash collection truck was improper due to his complete performance of all contractual terms

and due to lack of timely notice of default and repossession as required by the agreement. Second, he alternatively contends that he was totally excused from performance of the agreement since he had agreed thereunder to purchase fifty-two (52) trash containers in accordance with the terms of a financing contract between plaintiff and I.D.S. when in fact no such financing contract ever existed.

■ Under traditional rules of review as adopted by this Court, the findings and judgment of the trial court should not be upset on appeal if there exists any substantial evidence in the record supportive of the lower court's conclusions. In this regard, a clear statement of policy was made in the case of *Jensen v. Eddy*, 30 Utah 2d 154, 514 P.2d 1142, 1145 (1953), as follows:

It is sufficient to say that under the traditional rules of review favoring the findings and judgment of the trial court if supported by any substantial evidence and reasonable inferences to be drawn therefrom, we are not persuaded that such findings should be disturbed.

In determining whether the record sufficiently supports the District Court's judgment and findings, we will consider the defendant's contentions.

■ First, a review of the entire record adequately supports the District Court's finding that the defendant was in breach of contract and notice thereof was timely under the terms of the agreement. Defendant claims that as of March 6, 1975, the day before repossession, his payments were current and all his monetary obligations were completely satisfied. However, there exists substantial evidence which supports the Court's finding that his payments were insufficient to meet his obligations under the agreement. The record indicates that two checks written by the defendant and made payable to Mr. Barry Wickle, plaintiff's president, were intended by the parties to be a repayment of a personal loan which arose prior to the subject agreement. Mr. Wickle testified that these two checks were made payable to him personally because he had loaned the defendant $736.27 in December, 1974, in order to forestall Leach from repossessing the trash collection truck since neither the defendant nor Martin had made the December 1974 installment payment of $736.27 to Leach as required by the original sales contract of September 1, 1974. Mr. Wickle further testified that during a meeting on March 3, 1975, the defendant acknowledged that these two checks were intended to repay plaintiff for a loan made in December, 1974. Other evidence showed that the defendant acknowledged this debt in writing. Considering also the fact that the total amount of the two checks in question equalled the exact amount of one installment payment for the purchase of the trash collection truck, we find a further buttressing of the evidence that they were intended as the repayment of a personal debt antecedent to the execution of the agreement and should not be considered as payments thereunder. Without the aid of these two checks, the record shows that defendant failed to make his requisite payment of $250.00 to the plaintiff for the purchase of plaintiff's accounts.

There exists substantial evidence in the record supporting the District Court's finding that notice of default and intent to repossess was communicated to the defendant at least ten days prior to repossession of the trash collection truck as required by the agreement. Plaintiff sent said notice to the defendant by way of a letter dated February 25, 1975, in which the plaintiff stated its intention of repossessing all equipment on or after March 7, 1975, ten days after the date of mailing. The record also contains evidence of several oral communications of default to the defendant before February 25, 1975. Since the defendant had failed to make his requisite payment of $250.00 to the plaintiff, as discussed above, by March 7, 1975, repossession of the trash collection truck on that date was proper, as notice of default and intent to repossess was timely.

■ Second, there is substantial evidence supporting the conclusion that the defendant should not be excused from total performance on the ground that plaintiff

failed to obtain a financing contract with I.D.S. and thereby failed to provide the defendant with a feasible method of purchasing fifty-two (52) trash containers as required by the agreement. The District Court permitted the admission of parol evidence to explain the parties' intent regarding their obligations under paragraph V of the agreement wherein it was agreed "that Purchaser [defendant] will continue the payments to I.D.S. Corporation in accordance with the terms of the financing contract between Seller [plaintiff] and said corporation. . . ." Although no written financing contract between plaintiff and I.D.S. was executed, testimony by Mr. Wickle showed an oral agreement between plaintiff and I.D.S. wherein I.D.S. agreed to finance the defendant's purchase of fifty-two trash containers upon the condition that the defendant obtain liability insurance to cover said containers. There was further evidence that the defendant's failure to procure any insurance whatsoever prompted I.D.S.'s refusal to accept several finance payments from the defendant. We conclude therefore that there was substantial evidence to support the District Court's finding that there was a financing agreement between plaintiff and I.D.S. which rebuts defendant's contention to the contrary upon which he bases an excuse for nonperformance of the agreement. The defendant's failure to obtain liability insurance to cover the trash containers during the period of financing constituted *his* breach of paragraph V of the agreement.

Affirmed. Costs to plaintiff.

ELLETT, C. J., and CROCKETT, MAUGHAN and HALL, JJ., concur.