In the Matter of the Marriage of
WILLIAMS, *Appellant,*
*and*
WILLIAMS, *Respondent.*
(No. D7711 16476, CA 11175)
586 P2d 381

Linda Pedersen, Portland, argued the cause for appellant. On the brief was Frank J. Susak, Portland.

Diane C. Brock, Portland, argued the cause and filed the brief for respondent. Before Richardson, Presiding Judge, and Lee and Joseph, Judges.

JOSEPH, J.

**JOSEPH, J.**

■ Husband appeals an order entered in a dissolution proceeding declaring him to be the father of a child born to his wife nine months before their marriage. Although the issue of our jurisdiction was not raised by the parties, it is our responsibility to determine if the order is properly reviewable. *City of Hermiston v. ERB,* 280 Or 291, 570 P2d 663 (1977).

Husband petitioned for dissolution of the marriage and alleged that there were no children. In her response wife asserted that husband was the father of her eight-year-old daughter and requested child support. Husband replied that the six year statute of limitations established by ORS 109.135 barred a determination of paternity and any award of child support. After a hearing on the paternity issue the trial court ruled that husband, who had in various ways held himself out as the father of the child, was estopped from asserting the statute of limitations. The court entered an order declaring that husband was the child's father.

Our jurisdiction emanates solely from statutes. ORS 19.010(2) provides:

"(2) For the purpose of being reviewed on appeal the following shall be deemed a judgment or decree:

"(a) An order affecting a substantial right, and which in effect determines the action or suit so as to prevent a judgment or decree therein.

"(b) An interlocutory decree in a suit for the partition of real property, defining the rights of the parties to the suit and directing sale or partition.

"(c) A final order affecting a substantial right, and made in a proceeding after judgment or decree.

"(d) An order setting aside a judgment and granting a new trial.

"(e) A final judgment or decree entered in accordance with ORS 18.125."

■ No decree of dissolution has been entered in this proceeding. The trial court has taken no action since

the entry of the order in question. That order may have affected a substantial right, but it certainly did not "determine the * * * suit so as to prevent a * * * decree therein." The order determines a single issue in the dissolution proceeding. No other issues have been resolved. In *Moran v. Lewis,* 274 Or 631, 633-34, 547 P2d 627 (1976), the court noted that

> "[t]he policy of ORS 19.010 is clear. Orders are not appealable until the controversy is completely and fully settled in the trial court."

Appeal dismissed.