STATE ex rel ADULT AND
SERVICES DIVISION,
*Respondent,*

*v.*

COPELAND,
*Appellant,*

(No. 34695, CA 15118)

607 P2d 222

Edward L. Daniels, Albany, argued the cause and filed the brief for appellant.

[35]

Karen H. Green, Assistant Attorney General, Salem, argued the cause for respondent Adult and Family Services Division. With her on the brief were James A. Redden, Attorney General, and Walter L. Barrie, Solicitor General, Salem.

Before Buttler, Presiding Judge, and Gillette and Roberts, Judges.

ROBERTS, J.

**ROBERTS, J.**

Respondent-Appellant (respondent) appeals from the order of the trial court requiring him to pay child support for Todd Allen Jones.

The support order was entered on January 12, 1979. It was based on an order of August 4, 1970, in a separate filiation proceeding in which defendant was found to be Todd's father.[1] After respondent admitted paternity orally through his attorney in the earlier proceeding, the state raised the question of whether it was necessary for a guardian ad litem to be appointed for respondent, who was then 17 years old. The issue was discussed and the trial judge told respondent's father he was going to appoint him as respondent's guardian. It does not appear from the record that the father was appointed guardian, but he did refuse to admit paternity on behalf of his son. On the basis of respondent's oral admission, which was later reduced to writing, respondent was found by the August, 1970, interlocutory order to be Todd's father.

In the instant proceeding respondent contests, by way of collateral attack,[2] the validity of the 1970

---

[1]

"ORDER

"* * * it is hereby

"ORDERED, ADJUDGED AND DECREED that defendant, BOBBY D. COPELAND, is adjudged to be the father of Todd Alten Jones, born out of wedlock to Plaintiff on August 21, 1969, and the matter of support is reserved until further order of the Court. It is further

"ORDERED that the parties on or before January 10, 1971, present an agreement on the ability of Defendant to pay support. If it is agreed between the parties that Defendant does not have ability at that time, and that the matter of ability should be postponed until July 10, 1971, the parties may so provide. If agreement on this matter cannot be reached, a Court hearing may be held upon proper motion of either party. * * *

"* * * * *."

[2] An attack upon a judgment or decree is collateral if made when the decree is offered as the basis of the opponent's claim. 46 Am Jur 2d, Judgments, § 630, and see *Morrill v. Morrill and Killen,* 20 Or 96, 25 P 362 (1890). The claim for support was based upon the decree which held respondent to be the father of Todd Allen Jones.

order, alleging that the paternity decree was void either because no guardian ad litem was appointed or, if his father was appointed as his guardian, he had refused to admit paternity on behalf of respondent.[3]

We do not reach the question of the validity of the 1970 order as to the guardian issue because we conclude the 1970 order was not a final order.

In the original proceeding the issue of support was continued until July 10, 1971, and no hearing was held on that date. The order set the July date as an available date if the parties could reach an agreement as to the ability or inability of respondent to pay support at that time. In the event no agreement was reached, the order provided that a hearing could be held upon the motion of either party.

We considered an analogous similar situation in *Williams and Williams*, 37 Or App 169, 586 P2d 381 (1978), in which we concluded the order was not properly reviewable under ORS 19.010(2).[4] Quoting from *Moran v. Lewis*, 274 Or 631, 633-34, 547 P2d 627 (1976), we noted that "[t]he policy of ORS 19.010 is clear. Orders are not appealable until the controversy is completely and fully settled in the trial court." 37 Or App at 172. Here respondent does not attempt to

---

[3] The issue of the amount of support to be paid is not raised here. The parties have stipulated to the amount of child support respondent can presently pay.

[4] ORS 19.010(2) provides:

"(2) For the purpose of being reviewed on appeal the following shall be deemed a judgment or decree:

"(a) An order affecting a substantial right, and which in effect determines the action or suit so as to prevent a judgment or decree therein.

"(b) An interlocutory decree in a suit for the partition of real property, defining the rights of the parties to the suit and directing sale or partition.

"(c) A final order affecting a substantial right, and made in a proceeding after judgment or decree.

"(d) An order setting aside a judgment and granting a new trial.

"(e) A final judgment or decree entered in accordance with ORS 18.125."

appeal a nonreviewable order, but rather the state is attempting to enforce in this proceeding an order in a prior proceeding that was not final.

The language of the 1970 order indicates the controversy was not completely and fully settled in the trial court because it left open the issue of child support.[5]

It prescribed the procedure for determining whether child support should be paid and that procedure is still available.

Reversed.

---

[5] Res judicata does not apply until final judgment embracing all issues of the case is entered, *R.L.K. and Co. v. Tax Commission*, 249 Or 603, 438 P2d 985 (1968), *McAllister v. Charter First Mortgage, Inc.*, 279 Or 279, 567 P2d 539 (1977).