**Oscar OSUALA, Plaintiff and Appellant,**

**v.**

**Clark OLSEN, Individually, and Olsen Construction Company, Defendants and Respondents.**

**No. 16492.**

Supreme Court of Utah.

March 24, 1980.

Richard Richards, Ogden, for plaintiff and appellant.

Richard Campbell, Ogden, for defendants and respondents.

WILKINS, Justice:

Plaintiff commenced a personal injury action against defendants in the District Court of Weber County, State of Utah, sitting without a jury. The Court found negligence against both Plaintiff Oscar Osuala and Defendant Clark Olsen (hereafter "Defendant" unless otherwise indicated), driver of a truck owned by his employer, Defendant Olsen Construction Company and apportioned the negligence as follows: seventy-five percent attributable to plaintiff and twenty-five percent to defendant, thereby barring recovery by plaintiff.

Plaintiff seeks reversal of the Court's findings, as noted in his brief:

. . . upon the grounds that the court abused its discretion in allocating the negligence against the Plaintiff at a figure greater than that of the Defendant, and a further determination of the court that Utah's Comparative Negligence Statute [1] is fundamentally unfair by allowing defendants to inflict injury upon

---

1. Section 78–27–37, Utah Code Ann., 1953, as amended.

plaintiff without liability and should therefore be superseded by a system of "pure" comparative negligence.

We affirm. Costs to defendants.

▮ In its findings, the Court stated that on or about July 12, 1978, defendant was driving a truck northward on a four-lane divided highway in South Weber County approaching railroad underpasses; that while the truck was moving in the outer lane of traffic, it threw a rod, freezing the engine and stopping the truck; that defendant, in order to avoid a danger of moving traffic from the work force at nearby Hill Air Force Base colliding with his truck which was stopped under a narrow railroad track overpass, permitted the truck to roll slowly backward and out or nearly out of the outside moving traffic lane; that plaintiff at the above time and place was traveling northward in the inside lane of traffic when he moved into the outside lane, but failed to notice the nearly stopped truck, which he reasonably should have seen and avoided, and collided with it.

Though plaintiff concedes negligence on his part, he contends in essence that defendant, as a matter of law under the facts of this case, was more than fifty percent negligent. As a matter of law, we disagree. There is substantial, credible evidence here, together with reasonable inference to be drawn therefrom, by which the Court, as factfinder, could apportion the negligence between the parties as it did. We would violate our own rules of appellate review if we substituted our judgment for that of the District Court. In *Town & Country, Inc. v. Martin*, Utah, 563 P.2d 195, 197 (1977), we stated:

Under traditional rules of review as adopted by this Court, the findings and judgment of the trial court should not be upset on appeal if there exists any substantial evidence in the record supportive of the lower court's conclusions. In this regard, a clear statement of policy was made in the case of *Jensen v. Eddy*, 30 Utah 2d 154, 514 P.2d 1142, 1145 (1953), as follows:

"It is sufficient to say that under the traditional rules of review favoring the findings and judgment of the trial court if supported by any substantial evidence and reasonable inferences to be drawn therefrom, we are not persuaded that such findings should be disturbed."

We perceive no reason to modify this rule of review.

▮ Plaintiff's second point, wherein he attacks Utah's Comparative Negligence Statute as being fundamentally unfair, must be rejected as he failed to preserve this issue on appeal. See *Nelson v. Newman*, Utah, 583 P.2d 601, 603 (1978); *Maltby v. Cox Construction Co., Inc.*, Utah, 598 P.2d 336, 339–40 (1979); and Rule 51, Utah Rules of Civil Procedure.

CROCKETT, C. J., and MAUGHAN, HALL and STEWART, JJ., concur.

