Sharon KNIGHT, Plaintiff and
Appellant,

v.

Daniel R. LEIGH, Defendant
and Respondent.

No. 16867.

Supreme Court of Utah.

Nov. 10, 1980.

---

**7.** Utah, 534 P.2d 1240 (1975).

**8.** Also see *State in Interest of Schroeder,* Utah, 598 P.2d 373 (1979).

Timothy W. Blackburn of Browning, Blackburn & Baldwin, Richard Medsker, Ogden, for plaintiff and appellant.

John T. Caine, Ogden, for defendant and respondent.

TUCKETT, Retired Justice:

The plaintiff appeals from an adverse judgment entered by the District Court of Weber County.

This action arose out of a collision of the plaintiff's automobile with one being operated by the defendant and counterclaimant. The court below dismissed the plaintiff's complaint and awarded the defendant a judgment on his counterclaim. The plaintiff is here seeking a reversal.

The case was tried by the court sitting without a jury on the 4th day of December, 1979. After the trial was concluded the court found that the plaintiff was one hundred percent negligent and that her negligence was the proximate cause of the collision and the injuries and damage suffered by the defendant. The court awarded the defendant judgment in the sum of $7,048.55, which sum included property damage, the cost of medical care and treatment and general damages for personal injuries.

The automobile accident out of which this action resulted occurred in Ogden, Utah, at the intersection of Washington Boulevard and 2nd Street. The evidence shows that the plaintiff was proceeding in a southerly direction on Washington Boulevard and that she intended to make a left turn into 2nd Street. The traffic at the intersection is controlled by a traffic light. The plaintiff entered the intersection on a green light, but was required to stop by the stopping of another vehicle which had preceded her into the intersection. When the vehicle ahead of plaintiff's automobile completed a left turn, the plaintiff commenced a left turn and collided with the defendant's vehicle which was proceeding northward on Washington Boulevard in the traffic lane adjacent to the center line of the street.

The defendant and his passenger each testified that as the defendant's automobile entered the intersection the light changed from green to yellow and that the defendant continued north until the collision occurred. The plaintiff testified that she did not see the defendant's vehicle until it was within the intersection.

There was some conflict in the testimony of the witnesses as well as some confusion as to the sequence of the change of the light at the intersection. The evidence supports the conclusion the light was green for both the plaintiff and the defendant when their vehicles arrived at the intersection.

The trial court concluded that the plaintiff attempted to make a left turn at the intersection at a time when the defendant's vehicle was so close thereto as to constitute an immediate hazard. The court further

found that the defendant entered the intersection in a lawful and prudent manner.[1]

This appeal is based solely upon issues of fact and no question of law is presented for our determination. The court will not reverse a decision of a trial court on issues of fact alone when there is sufficient evidence to support the decision of the trial court.[2] The evidence in this case amply supports the judgment of the court below and the same is affirmed. The defendant is entitled to costs.

CROCKETT, C. J., and HALL, WILKINS, and STEWART, JJ., concur.

MAUGHAN, J., does not participate herein.

---

1.  U.C.A., 1953, Section 41–6–73.

2.  *Jensen v. Eddy*, 30 Utah 2d 154, 514 P.2d 1142; *Town & Country Disposal Inc. v. Martin*, Utah, 563 P.2d 195.