Frances E. BERNARD, Plaintiff and Respondent,

v.

John W. ATTEBURY, Defendant and Appellant.

No. 16985.

Supreme Court of Utah.

April 9, 1981.

Wendell P. Ables, Salt Lake City, for defendant and appellant.

Sandra N. Peuler, Deputy Salt Lake County Atty., Salt Lake City, for plaintiff and respondent.

MAUGHAN, Chief Justice:

The defendant appeals from that portion of the district court's consolidated order which requires him to pay $2,600 to the plaintiff for child support and arrearages in his support payments. We affirm the district court's order. All statutory references are to Utah Code Annotated, 1953, as amended.

On September 7, 1976, the district court of Sweetwater County, Wyoming, issued a divorce decree terminating the marriage of the plaintiff and defendant, John W. Attebury. Pursuant to this decree, the plaintiff was awarded custody of the couple's two minor children, John David and John Joseph, and the defendant agreed to pay $250 per child per month for support of those children.

Following the divorce, the children lived with the plaintiff until October, 1977, when John Joseph came to Salt Lake City to live with the defendant. In March, 1978, John David joined his brother, and the defendant, in Salt Lake City. Thereafter, the children lived with the defendant in Utah until December, 1978, when the plaintiff resumed custody of them in Salt Lake City. On December 9, 1978, John David and John Joseph returned to Green River, Wyoming, where they lived with friends until their mother joined them there on January 1, 1979. The plaintiff and the two children have lived together continually in Green River from that time until the date of the original hearing in this enforcement proceeding.

The plaintiff initiated the present proceedings on March 21, 1979, when she filed a petition for support under the Uniform Reciprocal Enforcement of Support Act, 77–61a–1 et seq., requesting enforcement of the Wyoming support decree. Prior to the initial hearing in the matter which was held on May 30, 1979, the parties entered into an agreement stipulating to a reduction in the required support money from $500 per month to $300, with monthly payments of $150 for the support of John Joseph to start immediately. However, because of factual questions concerning the possible emancipation of John David from the custody of the plaintiff, the agreement reserved payment of support for John David until that issue could be investigated.

This agreement was to be incorporated into the court's original order following the May 30th hearing. However, the original rendition of the agreement as laid out in the court's order was incorrect and was later amended by stipulation. A corrected order was subsequently adopted by the district court on June 8, 1979. In both the original and amended order, the defendant was "temporarily ordered to pay the sum of $150 for one child ... for the support of John Joseph, beginning with June, 1979. Said payments shall continue each and every month thereafter until further order of this court." The amendment to the order concerned the scope of an investigation to be undertaken by the Green River County Attorney's office for factual data relating to the possible emancipation of John David.

Following a hearing on August 22, 1979, the district court entered a judgment and decree on September 5, 1979, which ordered the defendant to pay $150 a month for the support of John David for the months of August, September, October and November, 1979, and thereafter cease making such payments because of the child's eighteenth birthday. This decree further ordered the continuation of the payments to John Joseph and entered a judgment of $2,000, representing past due child support. After this hearing, a motion was submitted by the defendant requesting the order be amended to identify the portions of the $2,000 judgment which were attributable to each particular child.

At the August hearing, the defendant argued the judgment entered in the prior hearing was res judicata regarding his liability for past support payments and precluded a new judgment granting arrearages. The court expressly refused to rule on this issue but advised the defendant he could present it at future proceedings.

Following a hearing on the defendant's motion to amend the order of September 5, 1979, the court denied the defendant's motion to set aside that judgment.

Finally, another hearing was held and a consolidated judgment entered on February 22, 1980, merging all previous orders and judgments. This consolidated order decreed that the defendant pay $150 per month to John Joseph, commencing on June 1, 1979. The decree also ordered the defendant to pay a total amount of $600 for the support of John David from August 1, 1979 through November 30, 1979. The order upheld the previous judgment granting the plaintiff $2,000 in arrearages divided equally between the children which represented unfulfilled payments due and owing from February through May of 1979. The order waived support payments for John David for the months of June and July of 1979 because of his employment during those months and arranged for payment of the $2,600 by installments which would run concurrently with the support payments for John Joseph.

The district court's consolidated order went on the declare:

" ... [t]hat the defense of res judicata, specifically that the order of May 31, [sic] (30), 1979, was res judicata as to the arrearages awarded in the Judgment and Order of September 5, 1979, be and the same is hereby determined to be not established."

The defendant's principal contentions on appeal are: (1) the trial court abused its discretion in ordering support for John David; (2) John David is not entitled to support because he was emancipated from his mother's custody during the time in question; and (3) the order of May 30, 1979, is res judicata and forecloses the consideration of past due support payments at subsequent hearings.

Turning to the first contention, we are reminded of the fact that pursuant to 77–61a–7, this court must apply the laws of Utah in determining the appropriateness of imposing a duty of support.[1] Thus, while support payments become unalterable debts as they accrue and a periodic installment cannot be changed or modified after the installment has become due,[2] the trial court may exercise its discretion in imposing a duty of support prospectively.[3]

In determining the appropriateness of imposing a support duty, 78–45–7 outlines a number of relevant factors which the court must consider in exercising its discretion. Specifically, 78–45–7 provides:

"(1) Prospective support shall be equal to the amount granted by the prior court order unless there has been a material change of circumstances on the part of the obligor or obligee.

"(2) When no prior court order exists, or a material change in circumstances has occurred, the court in determining the amount of prospective support shall consider all relevant factors including, but not limited to:

"(a) the standard of living and situation of the parties;

"(b) the relative wealth and income of the parties;

"(c) the ability of the obligor to earn;

"(d) the ability of the obligee to earn;

"(e) the need of the obligee;

"(f) the age of the parties;

"(g) the responsibility of the obligor for the support of others."

This Court will not disturb the trial court's exercise of discretion unless we form a definite and firm conviction that the court below committed a clear error of judgment in the conclusion it reached upon

---

1. See *Lamberth v. Lamberth*, Utah, 550 P.2d 200 (1976).

2. *Larsen v. Larsen*, Utah, 561 P.2d 1077, 1079 (1977).

3. See 77–61a–24. ["If the court of the responding state finds a duty of support, it *may* order the respondent to furnish support or reimbursement therefor ..." (emphasis added)]; see also *Carter v. Carter*, 19 Utah 2d 183, 429 P.2d 35 (1967).

a weighing of the relevant factors.[4] Therefore, if the decision were on a consideration of the relevant factors and not based upon irrelevant or inappropriate considerations, this Court will not reverse the trial court's determination unless we are convinced that the decision amounted to a clear error of judgment.

■ In the present case, the proceedings were continued several times so that information concerning the whereabouts and living situation of John David could be ascertained. It appears from the record the trial court considered the information which was uncovered from these investigations and other relevant factors in making its decision to award John David prospective support. Because the decision reached after a weighing of these factors does not constitute a clear error of judgment we will not disturb the district court's decision concerning John David's right to support.

■ Similarly, the trial court's determination that John David was not emancipated from parental custody will not be disturbed on appeal. There was substantial evidence presented at trial to support the trial court's decision concerning the emancipation issue and this Court will generally not disturb the findings of the trial court when those findings are supported by substantial, credible evidence.[5]

■ The next contention advanced by the defendant is that the judgment and order which was entered by the court following the May 30, 1979, hearing is res judicata and precludes any further assessment of past due support payments. In this jurisdiction, the doctrine of res judicata renders a final judgment, on the merits, by a court of competent jurisdiction, conclusive upon the parties and is a bar to subsequent litigation of the same issues.[6] Before the doctrine is applicable, however, a final judgment embracing all the issues must be entered and preliminary or interim rulings which do not represent a final determination do not rise to the dignity of res judicata.[7]

In deciding whether the court's order of May 30 constitutes a final judgment and as such invokes the doctrine of res judicata we are guided by Rule 54(b) of the Utah Rules of Civil Procedure, which states:

"When more than one claim for relief is presented in an action, whether as a claim, counterclaim, crossclaim, or third party claim, and/or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination by the court that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all of the parties shall not terminate the action as to any of the claims or parties, and the

4. See *Anderson v. Air West, Inc.*, 542 F.2d 522 (9th Cir. 1976); see also *Ute-Cal Land Development Corp. v. Sather*, Utah, 605 P.2d 1240 (1980); *Terry v. Zions Cooperative Mercantile Institution*, Utah, 605 P.2d 314 (1979).

5. *Hopkins v. Wardley Corp.*, Utah, 611 P.2d 1204 (1980); *R. C. Tolman Construction Company, Inc. v. Myton Water Association*, Utah, 563 P.2d 780 (1977); *Town and Country Disposal, Inc. v. Martin*, Utah, 563 P.2d 195 (1977).

6. *Olsen v. Board of Education of the Granite School District*, Utah, 571 P.2d 1336, 1338 (1977).

7. See *Richardson v. Grand Central Corporation*, Utah, 572 P.2d 395, 397 (1977); *In re Town of West Jordan*, 7 Utah 2d 391, 326 P.2d

105 (1958); see also *C & H Construction & Paving Co. v. Citizens Bank*, 93 N.M. 150, 597 P.2d 1190 (1979); *McAllister v. Charter First Mortgage, Inc.*, 279 Or. 279, 567 P.2d 539, 542 (1977) ["Before res judicata applies, the prior lawsuit must have ended in an 'adjudication of issues which have culminated in a final decree.'" Quoting from *Huszar v. Certified Realty Co.*, 272 Or. 517, 538 P.2d 57, 60 (1975)]; *American Bank of Oklahoma v. Adams*, Okl., 514 P.2d 1191 (1973); *Luisi Truck Lines, Inc. v. Washington Utilities and Transportation Comm.*, 72 Wash.2d 887, 435 P.2d 654 (1967); *State ex rel. Adult and Family Services Division v. Copeland*, 45 Or.App. 35, 607 P.2d 222 (1980).

order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties."

 Because the May 30 order did not adjudicate the claim of relief relating to John David and merely ordered temporary support for the couple's other minor child pending "further order of this court," the court's decree does not fulfill the requirements of Rule 54(b) and does not constitute a final judgment. Therefore, the doctrine of res judicata cannot be invoked by the defendant to foreclose consideration of the plaintiff's claim for past due payments at the subsequent hearings.[8]

The other issues advanced by the defendant on appeal are equally without merit and the district court's consolidated order is, therefore, affirmed.

HALL, HOWE and OAKS, JJ., concur.

STEWART, J., concurs in the result.

---

**8.** Cf. *Oldroyd v. McCrea*, 65 Utah 142, 235 P. 580, 588 (1925); *State v. Booth*, 21 Utah 88, 59 P. 553 (1899); In *Booth* we explained; "... where the rights of the parties in an action, or a distinct and independent branch thereof, are determined by the court, and nothing is reserved for future determination, except what may be necessary to enforce the judgment or decision, the judgment is final." Id., 59 P. at 554. For a comprehensive review of early case law on the question of what constitutes a final judgment see *Shurtz v. Thorley*, 90 Utah 381, 61 P.2d 1262 (1936).